McCORD *et al. v.* ED BOND & CONDON COMPANY *et al.*

No. 8627.   September 14, 1932.   Rehearing denied September 23, 1932.

*Tye, Thomson & Tye,* for plaintiff.

*J. B. McCallum* and *Slaton & Hopkins,* for defendants.

Beck, P. J.   Joseph A. McCord and others, owners of residences and residential property on Peachtree Street near the corner of Seventh Street in the City of Atlanta, brought a petition seeking injunction against the operation by the defendants of an undertaking establishment on premises located at or near the corner of Peachtree and Seventh Streets.   Among other things the petition alleged that the defendants propose to create and maintain such an establishment under the authority of a decision of the Board of Zoning Appeals granting them a special permit for such use, the decision having been rendered at the conclusion of a hearing by such board on the application of defendants; that upon decision adverse to the complainants they filed their petition for certiorari to review the same; that the petition for certiorari had been sanctioned, and contained, it is insisted, good and sufficient grounds for reversal of the decision, but it had not been reached for a hearing in the superior court in its regular order, and had not been heard and decided.   Evidence was introduced to sustain the allegation with reference to the filing and sanctioning of the certiorari and the fact that it had not been reached for a hearing.   The petition also attacked the lawful authority of the Board of Zoning Appeals to grant the permit referred to, and specifically attacked as invalid the section of the zoning ordinance delegating such power to the board.   The petitioners prayed that the intended use of the property be restrained until such certiorari had been heard and determined.   A temporary restraining order was granted, and at the time fixed for hearing the application for injunction the judge of the superior court rendered the following decision:   "Plaintiff conceding that the grant of a certiorari did not prevent the operation of the benefits granted under the judgment of the Zoning Commission, and the court being of the opinion that the Zoning Commission has exclusive jurisdiction to grant or refuse a permit for the

operation of the business described in the petition, the injunction prayed for is denied and the temporary restraining order dissolved, with a supersedeas of 15 days."

The court did not err in refusing the injunction sought. The Board of Zoning Appeals, which is also designated the Zoning Commission, had the authority, under ordinances passed by the city authorities, to grant the permit, after a hearing, which had been applied for by the defendants in the case; that is, a permit to conduct an undertaking establishment on the premises in question. Under a constitutional amendment adopted in 1927 (Ga. L. 1927, p. 129), the legislature was authorized to grant to the governing authorities of the City of Atlanta and other named cities "authority to pass zoning and planning laws whereby such cities may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvement of real estate therein." Pursuant to the authority conferred by such constitutional amendment, the legislature passed an amendment to the charter of the City of Atlanta (Ga. L. 1929, p. 818). Section 18 of this amendatory act provides: "The mayor and general council may, in the interest of public health, . . adopt by ordinance a plan or plans for the districting or zoning of the city. . . The city may be divided into such number of zones or districts . . as the mayor and general council shall deem best suited to accomplish the purposes of the zoning ordinance. . . In the determination and establishment of districts and regulations, classifications may be based on the nature or character of the trade . . to be conducted on the premises. . . No ordinance adopting zoning regulations as above authorized shall be passed by the mayor and general council until after a comprehensive plan for the zoning of the city has been prepared and submitted to the mayor and general council by the City Planning Commission. . . No ordinance, measure, or regulation which violates, differs, or departs from the plan or report submitted by the City Planning Commission shall take effect unless passed by a three-fourths vote of the mayor and general council. The mayor and general council may, from time to time, amend or change the regulations or districts established by the zoning ordinance; but no such amendment or change shall become effective unless the ordinance proposing such amendment or change shall be first sub-

mitted to the City Planning Commission for approval or disapproval, and the City Planning Commission shall have been given a reasonable time, not less than 30 days, for consideration and report." The act of 1929 also creates the Board of Zoning Appeals and among other things provides: "The mayor and general council may authorize the Board of Zoning Appeals to administer the details of the application of any zoning regulations, and may delegate to such board, in accordance with general rules set forth in the zoning ordinance, power to permit exceptions to and variations from the zoning regulations . . as specified therein; or such administrative powers and functions may be delegated by the mayor and general council, either in whole or in part, to the City Planning Commission."

In pursuance of the powers conferred by the legislative act referred to, the mayor and council of the City of Atlanta passed a zoning ordinance, and in the 10th section of that ordinance it is provided that "The Board of Zoning Appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established, in harmony with their general purposes and intent, as follows: Permit the location of a Class U-7 use in any use district, provided such use in such location will in the judgment of the Board of Zoning Appeals substantially serve the public convenience and welfare, and will not substantially and permanently injure the appropriate use of the neighboring property." The plaintiffs attacked the validity of this section, contending that it was invalid, and that the granting of such authority is not within the power of the mayor and council of the City of Atlanta, under the act of 1929, referred to above, because under the act classifications of property for different uses is a legislative act and must be acted upon by the mayor and council; and further, that there is no authority in the mayor and council to delegate to the Board of Zoning Appeals the right to locate a Class U-7 by specific cases; and further, that the effect of section 10 of such ordinance is to give to the Board of Zoning Appeals the power to classify, zone, or district the city as to uses known as U-7, whereas such right is exclusively within the power of the mayor and council, to be exercised by ordinance only.

We can not agree to these contentions. It was competent for the general council, under the powers given to it by the act of the Gen-

eral Assembly to refer certain questions to an administrative board, such as the Board of Zoning Appeals, also designated as the Zoning Commission. It would be manifestly impossible for the general council to take up, discuss, and pass upon the exceptional cases which are provided for in section 10 of the ordinance quoted above; and many instances of the conferring of the administrative powers, such as provided for here, upon administrative bodies might be cited and stated, and numerous decisions from the courts of last resort in other States might be cited, upholding the action of municipalities in conferring, by ordinance, the powers referred to. Of course the general principle that legislative powers which belong to the city council can not be delegated is recognized. That principle has been frequently stated and laid down in numerous decisions by this and other courts, and we do not seek to enumerate any of those cases here. The same principle is recognized by the authors of standard text-books. The general council of Atlanta passed an appropriate ordinance providing for the allowance of special permits for those purposes falling within Class U-7 uses, and among these were undertaking establishments. Section 9 of the ordinance provides that "a Class U-6 use may not be located within the present limits of the City of Atlanta. A Class U-7 use may be located only on special permit, as provided in the following sections." And the following provision is contained in section 10 of the ordinance: "Use District Exceptions. (a) The Board of Zoning Appeals may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established, in harmony with their general purposes and intent, as follows: . . (3) Permit in a use district any use deemed by the board to be in general keeping with the uses authorized in such district; . . (5) Permit the location of a Class U-7 use in any use district, provided such use in such location will in the judgment of the Board of Zoning Appeals substantially serve the public convenience and welfare, and will not substantially and permanently injure the appropriate use of the neighboring property."

Under the rulings that we have made, this ordinance is not invalid and can not be held to be unreasonable and void. Questions similar to this have been discussed in decisions by many courts, but we will not undertake to cite them here, though a very large number of them

672

are cited and quoted from in the brief of counsel for defendants in error. Those decisions with practical unanimity uphold the conclusions which we have announced as to the validity of the ordinances in question here; and this decides the controlling principle in this case. The granting of the special permit in this case to use the premises in question for an undertaking establishment was after a regular hearing, both sides appearing and introducing evidence; and where the evidence submitted at the hearing, and which is set forth in this record, showed that the establishment in question was not per se a nuisance, the judgment refusing to enjoin its operation should not be disturbed, unless the evidence demanded a finding that it was actually a nuisance. The question of permitting the use in question was for the determination of the Board of Zoning Appeals, or Zoning Commission; and if the evidence heard by them left it debatable as to whether or not it was a nuisance, their decision was final. They exercised their discretion in the first instance; and unless under the evidence their decision was an abuse of their discretion, a court of equity should not interfere with it. It is not a question of whether or not they might under the evidence have properly refused the permit, under conflicting evidence, if there were conflicts in the evidence. In this connection see the recent case of the *Borough of Atlanta* v. *Kirk*, 175 *Ga.* 395 (165 S. E. 69). It follows from what we have said that the judgment of the court below refusing the injunction must be affirmed.

*Judgment affirmed. All the Justices concur.*