39345. B. L. IVEY, INC. v. ALLEN.

DECIDED APRIL 9, 1962.

*Huie, Etheridge & Harland, James R. Harland, Jr., Harry L. Cashin, Jr.,* for plaintiff in error.

*Hansell, Post, Gardner, Brandon & Dorsey, Dom H. Wyatt,* contra.

JORDAN, Judge. It is contended by counsel for the plaintiff in error, B. L. Ivey, Inc. (the appellant before the Atlanta-Fulton County Joint Board of Adjustment) that the superior court erred in reversing said board on appeal for the reason that the judge of the superior court merely substituted his judgment for that discretion lawfully relegated to, and properly exercised by the board, in determining whether or not a variance was justified in the instant case. While the board of adjustment is given the discretion under *Code Ann.* § 69-824 (2) to authorize variances from existing zoning regulations in specific cases on appeal, this discretion is not an unbridled one but must be exercised in strict accordance with provisions of that Code section, which provides as follows: "To authorize upon appeal in specific cases such variance from the terms of such regulations as will not be contrary to the public interest, where, owing to special conditions fully demonstrated on the basis of the facts presented, literal enforcement of the provisions of the regulations will result in great practical difficulties or unnecessary hardship, and so that the spirit of the regulation shall be observed and substantial justice done." Under the above-quoted Code section it is seen that the board of adjustment is authorized to grand variances only where the same will not be contrary to the public interest, and where it is fully shown that great practical difficulty or unnecessary hardship will result from literal enforcement of the zoning regulations. What constitutes "unnecessary hardship" or "great practical difficulty," and whether or not there is any evidence to authorize a finding that the same exists in any spe-

cific case, are questions of law which the superior court has jurisdiction to decide on appeal under the provisions of *Code Ann.* § 69-829.

The judge of the superior court therefore was authorized to review these questions and the vital question before this court is whether or not there was any evidence before the board of adjustment to authorize the grant of a variance based upon the categorical prerequisites of "unnecessary hardship" and "great practical difficulty," as provided in *Code Ann.* § 69-824(2). In this connection the evidence presented to the board by the appellant, upon whom the burden of proof rested, simply showed that, unless the desired variance from the existing zoning regulations was granted, the appellant could only construct a house 55 feet in width on the corner lot and houses 70 feet in width on the other two lots of the subject property. There was no evidence to show that the appellant intended to construct houses greater than 55 feet or 70 feet in width on this property or in what manner it would be harmed by its inability to do so under the existing regulations other than the statement of the attorney for the appellant that only "shot-gun" houses could be built on said lots rather than houses which would be in keeping with the general character of the neighborhood. The record before the board, however, disclosed that the lots immediately facing the subject property on Northside Drive were likewise 100 foot lots and that on the lot adjacent to the subject property, which lot also had frontage of 100 feet on Northside Drive, a "beautiful structure" had been built.

While this evidence disclosed that the appellant might be inconvenienced by its failure to secure a variance, such evidence did not "fully demonstrate" that the literal enforcement of the existing zoning regulations would result in great practical difficulty or unnecessary hardship to the appellant, as provided in *Code Ann.* § 69-824(2). Since this is the only basis upon which the board could act in this case, it follows that the grant of the desired variance was not authorized and the court did not err in so ruling and in reversing the decision of the Atlanta-Fulton County Joint Board of Adjustment.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*