23062. NORTH GEORGIA DEVELOPMENT COMPANY, INC. v. EDGE, Building Inspector, et al.

ARGUED SEPTEMBER 13, 1965—DECIDED OCTOBER 7, 1965—
REHEARING DENIED OCTOBER 19, 1965.

*Hammond Johnson, Jr.,* for plaintiff in error.

*Kenyon, Kenyon & Gunter, William B. Gunter,* contra.

PER CURIAM. North Georgia Development Co., a corporation, sought the writ of mandamus absolute to require the named

defendants, the Building Inspector of the City of Gainesville and the members of the Board of Zoning Appeals of the City of Gainesville, to issue it a building permit authorizing the building and construction of a group of apartments in accordance with the plans submitted by the plaintiff to the defendants on August 12, 1963. The case was submitted to the court on the petition, answer and a pre-trial stipulation of facts. On the order denying the writ the plaintiff assigns error.

In 1956 the city adopted a zoning ordinance which prohibited multi-family dwellings in certain areas of the city. Section 26-39 of the 1956 ordinance provided: "Group development projects *may be permitted* in any of the various districts established by this chapter, *provided such shall first be submitted to and approved by the board* of zoning appeals." *"In making its decision,* the board of zoning appeals shall give *due consideration* to the possible effects of the proposed group development project on the character of the neighborhood and the possible effects of the traffic volumes generated by such development projects on the character of the area. The board of zoning appeals shall also take into consideration the availability of public utilities and public facilities and services. In so doing, *the board shall take such action* or establish such conditions of appeal *as shall be necessary to accomplish the purposes of this chapter."* (Emphasis supplied). Section 26-54 of the 1956 ordinance provided that the board would have authority *"To authorize* upon appeal in specific cases such variance from the terms of this chapter, as will not be contrary to the public interest . . . Such variance *may be granted* in such individual cases of practical difficulty or unnecessary hardship upon a finding by the board of zoning appeals that: (4) Relief, *if granted,* would not cause substantial detriment to the public good or impair the purposes and intent of this chapter." (Emphasis supplied). The plaintiff, as owner of certain property in an area in which the zoning ordinance prohibited the building of multi-family residences, in August 1963, applied for a variance exception under section 26-39 of the ordinance. After a hearing, the order was denied on August 30, 1963, and an appeal to the superior court was dismissed on July 15, 1964. In Au-

gust 1964, a new comprehensive zoning ordinance was adopted by the city, wherein multi-family dwellings were prohibited in the area of plaintiff's land. No variances were allowable under the 1964 ordinance.

The trial judge, in an able and comprehensive opinion, ruled that the right of the plaintiff to have his application for a variance exception by the Board of Zoning Appeals determined in a petition for mandamus was not cut off by the ordinance of 1964, but under the ordinance of 1956. The trial judge concluded:

"A reading of those sections [sections 26-39 and 26-54 of the 1956 ordinance] appears to this court to be entirely permissive and discretionary in nature. While there are stated conditions prerequisite to relief, the act requires no mandatory grant of multi-family upon compliance. If it were not discretionary the restriction to single-family use would be vain and useless. Petitioner refers to his original application for an 'exemption' to the zoning ordinance. By its definition this would seem to place the application as one for use outside the ordinance (a variance) rather than within it (an exception).

"At any rate, the court deems the action of the board of zoning appeals on August 30, 1963 as an exercise of discretion, and not an arbitrary refusal of a mandatory act required by the ordinance at that time. The court further finds as a matter of law that the granting or refusal of the application under the provisions of the 1956 ordinance was discretionary in nature. . . . There being no showing that the action attacked is arbitrary or capricious, it follows that the writ of mandamus must be refused."

We are of the opinion that the trial court properly denied the plaintiff's prayers for a mandamus. The court correctly concluded that under the 1956 ordinance the Board of Zoning Appeals was authorized to use its discretion in passing upon the application of the plaintiff to use its property for a use at variance with the express provisions of the ordinance as to the construction of multi-family dwellings. The record discloses that a public hearing was held by the board and the order recites that the application was denied "based upon the facts and evidence pre-

sented." There is no evidence in the record to show that the board abused its discretion or acted in an arbitrary or capricious manner. "While mandamus is an appropriate remedy to enforce the performance by a public officer of any public duty which he neglects or refuses to perform, it is not available to compel the performance of an act which such officer is not by law required to perform, but, to the contrary, is clothed with discretionary power which he may exercise in accordance with the best interests of the trust which he is authorized to administer. . . To enforce performance of a ministerial act as contradistinguished from a duty which is merely discretionary, the obligation must be both peremptory and plainly defined; the law must not only authorize the act, but it must require the act to be done." *Douglas v. Board of Ed. of Johnson County*, 164 Ga. 271 (1, 4) (138 SE 226).

The generally accepted rule is, that in determining whether a request for a variance of a zoning regulation affecting specific property should be granted, each case stands on its own facts and the board acting on the application is clothed with discretion and no mandatory duty is imposed upon it. 58 Am. Jur. 1048, § 198; 168 ALR 19. See also *McCord v. Bond & Condon Co.*, 175 Ga. 667 (1) (165 SE 590, 86 ALR 703) ; *City of Atlanta v. Awtry & Lowndes Co.*, 205 Ga. 296 (53 SE2d 358) ; and *Galfas v. Ailor*, 81 Ga. App. 13 (57 SE2d 834).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*