43993. BAKER v. MACON-BIBB COUNTY PLANNING & ZONING COMMISSION et al.

Jordan, Presiding Judge. The Macon-Bibb County Planning & Zoning Commission denied a zoning application, and on rehearing rezoned a tract of 19.88 acres, which lies wholly within an R-1AAA residential district intended primarily for single family residence, from R-1AAA to R-1AA, a less restrictive residential category, so that upon approval of a site plan, the entire tract can be used for development of an apartment complex of 144 units. The plaintiff in certiorari appeals from the action of the superior court overruling his petition and affirming the action of the commission. *Held:*

The Macon-Bibb County Planning & Zoning Commission, in zoning and rezoning property, acts as a legislative agency under powers delegated to it under the State Constitution and the implementing action of the City of Macon and Bibb County. See *Birdsey v. Wesleyan College,* 211 Ga. 583 (87

SE2d 378) ; *Humthlett v. Reeves,* 212 Ga. 8, 13 (90 SE2d 14). Although there is authority that a delegation of legislative power must be strictly construed and that the agency must follow strictly the prescribed procedures, and the courts have declared invalid zoning actions when it appears that an agency has exceeded its power and acted contrary to prescribed procedures, it is also recognized that the courts are without power to interfere with the true exercise of a legislative discretion. See *McCord v. Ed Bond & Condon Co.,* 175 Ga. 667 (165 SE 590, 86 ALR 703) ; *Morgan v. Thomas,* 207 Ga. 660 (63 SE2d 659) ; *Toomey v. Norwood Realty Co.,* 211 Ga. 814 (89 SE2d 265) ; *Humthlett v. Reeves,* supra; *Binford v. Western Electric Co.,* 219 Ga. 404 (133 SE2d 361) ; *Rogers v. Mayor &c. of Atlanta,* 110 Ga. App. 114, 121 (137 SE2d 668). "The courts must refuse to interfere with the legislative acts of zoning because the courts are given neither chart nor compass by which to adjudicate and condemn the actions of the zoning authorities. We therefore conclude that the people must submit to the legislative control of their property, or change the Constitution to afford the courts something to stand upon in protecting private property. We have neither the information, experience nor desire to make public policy in respect to legislative control of the uses of private property." *Vulcan Materials Co. v. Griffith,* 215 Ga. 811, 816 (114 SE2d 29).

In the *Rogers* case, supra, this court was careful to distinguish between the function of an agency as a legislative body in determining whether to zone or not to zone, and its function as a judicial body in determining whether an applicant satisfies prescribed standards.

In the present case the action taken by the commission is that of rezoning, a legislative action, and it is clear that the commission was empowered to rezone, and that it took such action in accordance with prescribed procedures. Accordingly, no error is shown by the action of the lower court.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED OCTOBER 9, 1968—DECIDED NOVEMBER 20, 1968.

Adams, O'Neal, Steele, Thornton & Hemingway, John D. Hemingway, for appellant.

Jones, Cork, Miller & Benton, Frank C. Jones, Timothy K. Adams, Sell & Comer, E. S. Sell, Jr., for appellees.