45042.   HODGE et al. v. BOARD OF APPEALS,
CITY OF CARTERSVILLE.

WHITMAN, Judge. The sole issue in this case is whether the superior court erred in affirming the decision of the Board of Zoning Appeals of the City of Cartersville, granting a 30-foot variance to existing zoning requirements to the owner of a lot for the building of a residence. The local ordinance authorizes the granting of variances if the following conditions exist: "'(a) There are extraordinary and exceptional conditions pertaining to the particular piece of property in question because of its size, shape, or topography. (b) The application of this ordinance

to this particular piece of property would create an unnecessary hardship. (c) Such conditions are peculiar to the particular piece of property involved. (d) Relief, if granted, would not cause substantial detriment to the public good or. impair the purposes and intent of this ordinance, provided, however, that no variance may be granted for a use of land or building or structure that is prohibited by this ordinance."

Broad powers are given to municipal authorities in zoning and rezoning. Unless the governing authorities abuse their discretion or act arbitrarily, the decision of the governing authority will not be set aside by the appellate courts. *Morgan v. Cherokee Hills Development Co.,* 226 Ga. 60 (172 SE2d 669). The granting of variances to zoning requirements for individual parcels of land is authorized by law. *Bible v. Marra,* 226 Ga. 154 (6) (173 SE2d 346). Thus, the question is reduced to whether the evidence was sufficient to authorize the board to render its decision.

The evidence amply supports the judgment. The evidence showed that the zoning ordinance presently governing the lot was enacted in 1959 although the territory embracing this lot was not annexed to the city until 1962; the lot is too small to meet the present zoning requirements as a residence building lot; a house could not be built on the lot meeting the present zoning requirements; as far as the owner and the street are concerned, the grant of a variance was necessary, or else the lot would sit empty; the house authorized by the governing authority to be constructed on the lot is in fact completed, half bricked up, and the inside is ready to paint out.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 1, 1970—DECIDED JUNE 30, 1970— REHEARING DENIED JULY 23, 1970—

*Greene & Greene, James E. Greene,* for appellants.
*Warren Akin,* for appellee.