26512. HARRISON et al. v. AROGETI et al.

ARGUED MAY 10, 1971—DECIDED SEPTEMBER 8, 1971—
REHEARING DENIED SEPTEMBER 27, 1971.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.

*Zachary & Seagraves, W. E. Zachary, Sr.* for appellees.

HAWES, Justice. The appeal here is from a final order and judgment of the Superior Court of DeKalb County granting to the plaintiffs a mandamus absolute against the defendants and ordering the Chairman of the Board of Commissioners of Roads and Revenues of DeKalb County, one of the defendants, after complying with any notice required by the DeKalb County ordinances, to place on the calendar of the next regular meeting of the board of commissioners of roads and revenues at which zoning will be considered, the plaintiffs' application to rezone a described tract of land.

The essential facts are undisputed. Plaintiffs applied to the Planning Commission of DeKalb County to have the described tract of land rezoned from multiple residence (RM-85) classification to commerical (C-1) classification. The planning commission recommended the rezoning of the property in accordance with the application, and the matter came on to be considered by the DeKalb County Board of Commissioners of Roads and Revenues at their regular meeting on October 27, 1970. One of the five members of the commission was absent. At that meeting a motion was made and seconded to accept the recommendation of the planning commission and to approve the application. The vote upon that resolution was two in favor of its passage and two against. The chairman of the commission declared the motion defeated, and, upon request of the applicants, refused to place the matter on the agenda for consideration at a subsequent meeting. The applicants then brought this action for a mandamus seeking in count 1 of their complaints to require the board of commissioners of roads and revenues to place the matter on the agenda of the next meeting of such board for consideration and official action. That was the relief granted in the order appealed from.

1. Appellants contend that the appellees have no clear, legal right to the relief sought in count 1 of their complaint. This contention is without merit. Under the provisions of Sec. 12 (k) of the Act approved March 8, 1956 (Ga. L. 1956, pp. 3237, 3248) creating a 5-member board of commissioners of roads and revenues for DeKalb County, such board was empowered "to exercise all powers, duty and authority heretofore imposed upon [and] vested in the Commissioner of Roads and Revenues of DeKalb County in respect to zoning and planning." By the Act approved March 9, 1943 (Ga. L. 1943, p. 930, et seq.) a county planning commission and board of zoning appeals was established for DeKalb County. The function of the planning commission was to formulate and recommend to the then single commissioner of roads and revenues a comprehensive plan of zoning for the county, which plan, if approved by

the commissioner, was to be adopted and promulgated as a formal ordinance. Thereafter, the function of the planning commission was to make recommendations to the commissioner of roads and revenues with respect to proposed changes in the comprehensive zoning plan. Under the provisions of Sec. 8 of that Act (Ga. L. 1943, pp. 930, 934), the commissioner, upon receipt of a suggestion or report from the planning commission with respect to any such proposed change "shall set a time (date and hour) for the hearing of said proposed change and give notice to the public thereof by publishing notices in the newspaper in said county in which the sheriffs' advertisements are published once a week for at least three weeks." This section further provides; "On the day and hour appointed the Commissioner of Roads and Revenues of DeKalb County *shall* proceed to hear and determine the recommendation of said planning commission in this regard and dispose of the [matter]. He shall have the right to continue the hearing from day to day or to any named day as in his discretion may be deemed advisable." (Emphasis supplied).

By the use of the phrase, "*shall* proceed to hear and determine the recommendation . . . and dispose of the [matter]", it is plain that the legislature intended to impose upon the single Commissioner of Roads and Revenues of DeKalb County the positive duty of holding a hearing and of making an affirmative determination as to whether he approved or disapproved of the recommendations of the planning commission with respect to any proposed rezoning. *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541); *Jennings v. Suggs,* 180 Ga. 141, 142 (178 SE 282); *Harrell v. Southeastern Pipe-Line Co.,* 190 Ga. 709, 720 (10 SE2d 386). Under the provisions of Sec. 12 of the Act of 1956 above referred to, this mandate became obligatory upon the 5-member board of commissioners of roads and revenues. But the exercise by a multiple-member commission of the powers and authority conferred by the Act upon the single commissioner is necessarily subject to the limitations inherent in the exercise of legislative powers by a multi-member

commission. Unless expressly authorized by the Act creating it, such a body can exercise its powers only upon the vote of a majority of its members. The legislature, in creating the 5-member Board of Commissioners of Roads and Revenues of DeKalb County, however, did not leave the question of the manner in which the commission should excerise its powers to the uncertainties of judicial construction, but expressly limited the authority of the commission to take official action in Sec. 10 of the 1956 Act (Ga. L. 1956, pp. 3237, 3246-3247). That section provides that, "the chairman and any two members of the commission or any three members of the commission exclusive of the chairman, shall consitute a quorum . . . but no official action shall be taken except upon the affirmative vote of at least three members of the commission, or two members and the chairman." Applying the plain language of this section, it means that where, as in this case, a regular meeting of the board of county commissioners is held and there are only four of the five duly elected members present, no official action finally disposing of a proposition can be taken where the four members who are present are equally divided thereon. The disposition of such a proposition must, therefore, be deferred until all five members are present at a meeting when a vote can be taken which will result in at least three votes being cast on one side of the proposition or the other. Thus, a tie vote constituted no official action of the commissioners of roads and revenues since it was neither an approval nor a rejection of the recommendation of the plannning commission by an affirmative vote of at least three of the commission members and was in fact nothing more than non-action on the part of the commissioners. In view of the clear mandate contained in the 1943 Act, the commissioners of roads and revenues were required to affirmatively dispose of the matter upon the affirmative vote, one way or another, of at least three members of such board. The appellees' application to have their property rezoned having been approved by the planning commission, they had a clear, legal right to have the commissioners of

roads and revenues affirmatively dispose of the same by either adopting the recommendation of the planning commission or by rejecting it and this right was not satisfied by the mere failure of the board to act.

Nothing in the order and judgment appealed from need be construed as requiring the commissioners of roads and revenues to approve the appellees' application. This is especially emphasized by the fact that the court, in rendering the judgment appealed from, merely did so upon the prayers of count 1 of the complaint. In count 2, the prayers were that the commissioners be required to rezone the plaintiffs' property in accordance with their application, and it is plain that the trial court did not grant or intend to grant that relief to the plaintiffs.

2. The provision of the order requiring the defendants to "pay the usual cost of notice required by them, if any are required," was not harmful to the defendants since if the law does not require them to pay any costs the order does not contemplate compelling them to pay anything. That provision of the order plainly was not error for any reason contended by the appellants.

*Judgment affirmed. All the Justices concur.*