33420. BENTLEY et al. v. CHASTAIN et al.
33421. HAWN v. CHASTAIN et al.

UNDERCOFLER, Presiding Justice.

Vulcan Material Company, which operates a granite quarry in Cobb County, and Harold Chastain, the lessor of the property, sought a variance from zoning restrictions prohibiting quarrying within 4,000 feet of a residential use and 2,000 feet from any other use. Neighbors, Bentley and Hawn, appeared at the hearing before the Cobb County Board of Zoning Appeals to object, but the variance was granted. The neighbors appealed to the Cobb Superior Court pursuant to Code Ann. § 69-1211.1[1] and Section 12B of the Cobb County Zoning and Planning Act,[2] and demanded a de novo jury trial as provided in these laws. Vulcan and Chastain filed motions to dismiss

---

[1] "Any person or person[s] severally or jointly aggrieved by any decision of the board of zoning appeals may take an appeal to the superior court. Said appeal to the superior court shall be the same as an appeal to the superior court from any decision made by the court of ordinary and as specified in Chapter 6-2, except, however, that said appeal may be filed within 30 days from date of the decision of the board of zoning appeals, and upon failure to file said appeal within 30 days the said decision of the board of zoning appeals shall be final: Provided, however, that on appeal said case shall be heard by judge of the superior court without a jury, unless one of the parties files a written demand for a jury trial within 30 days from the filing of the appeal." Code Ann. § 69-1211.1. Code Ann. § 6-501, which replaced Ch. 6-2 referred to in the quoted Code section, provides for a de novo appeal.

[2] The ordinance generally tracks the enabling statute quoted in footnote 1, supra.

on the ground that this statute and ordinance were unconstitutional. The trial court agreed insofar as these provisions allow a de novo jury determination of variance decisions rendered by the board of zoning appeals. It also required the neighbors to add the board as an additional party to the appeal. The neighbors were granted an interlocutory review of these rulings. We hold that the provisions of the statute and ordinance authorizing de novo jury appeals are unconstitutional as violating the separation of powers doctrine, and affirm.

1. Vulcan and Chastain argue that the powers delegated to the zoning board of appeals are legislative[3] in nature, while the neighbors urge it functions as a judicial[4] body. We do not find either argument controlling. The Board of Zoning Appeals is an administrative agency and its powers are distinct from the legislative and judicial powers established in the Georgia Constitution.

The Georgia Constitution provides that the "legislative, judicial, and executive powers shall forever remain separate and distinct, ... " Ga. Const. 1976, Art. I.

---

[3]Since zoning power, vested in the county governing authority, is legislative (*Hunt v. McCollum,* 214 Ga. 809 (108 SE2d 275) (1959); *Olley Valley Estates, Inc. v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974)), and because legislative decisions are subject only to very limited review (*Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), in which a jury is inappropriate (*Guhl v. Davis,* 242 Ga. 356) (1978), a de novo jury trial on appeal is unconstitutional. *Cocroft v. Peters,* 241 Ga. 115 (244 SE2d 6) (1978).

[4]In granting a variance the Board of Zoning Appeals must consider whether the factual situation of a given individual's property warrants relief from the general zoning ordinance under the standards set out by the delegating authority; thus, it can be argued that it is acting in a quasi-judicial capacity when making this decision. See *Hodge v. Bd. of Appeals of Cartersville,* 122 Ga. App. 235 (176 SE2d 539) (1970); *B. L. Ivey, Inc. v. Allen,* 105 Ga. App. 728 (125 SE2d 549) (1962).

Sec. II, Par. IV (Code Ann. § 2-204). It further states that the "judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, Superior Courts, Probate Courts, Justices of the Peace, Notaries Public who are ex-officio Justices of the Peace, and such other Courts as have been or may be established by law." Ga. Const., Art. VI, Sec. I, Par. I (Code Ann. § 2-3001). An administrative agency is "a governmental authority, *other than a court and other than a legislative body,* which affects the rights of private parties through either adjudication or rulemaking." Davis, Treatise on Administrative Law, Vol. 1, § 1:2 at p. 9 (2d Ed., 1978). (Emphasis supplied.) Its powers are well described by the Maryland Court of Appeals: "The primary function of administrative agencies is to advance the will and weal of the people as ordained by their representatives—the Legislature. These agencies are created in order to perform activities which the Legislature deems desirable and necessary to forward the health, safety, welfare and morals of the citizens of this State. While these agencies at times perform some activities which are legislative in nature and thus have been dubbed as quasi-legislative duties, they in addition take on a judicial coloring in that frequently, within the exercise of their power, they are called upon to make factual determinations and thus adjudicate, and it is in that sense that they are also recurrently considered to be acting in a quasi-judicial capacity. This dual role which administrative agencies play has long been accepted in this State as being constitutionally permissible. [Cits.] However, this authority is not the same and, therefore, is distinguishable from the exercising of the 'judicial powers' of this State. . ." Dept. of Natural Resources v. Linchester Sand &c. Corp., 274 Md. 211, 222 (334 A2d 514, 522) (1975).

In embarking on an analysis of the judicial review of administrative decisions, we not only consider the nonjudicial role of these agencies, but also must recognize the important function that administrative agencies perform at all levels of government. Whether operating in the federal, state, or local sphere, agencies provide a high level of expertise and an opportunity for specialization

unavailable in the judicial or legislative branches. They are able to use these skills, along with the policy mandate and discretion entrusted to them by the legislature, to make rules and enforce them in fashioning solutions to very complex problems. Thus, their decisions are not to be taken lightly or minimized by the judiciary. Review overbroad in scope would have the effect of substituting the judgment of a judge or jury for that of the agency, thereby nullifying the benefits of legislative delegation to a specialized body. Since the agency is exercising neither judicial nor legislative, but administrative, powers, the separation of powers doctrine along with this policy of respect must play a role in determining the nature of the review of agency decisions by the courts.

It is axiomatic that, under the separation of powers, nonjudicial functions may not be imposed on a constitutional court. E.g., Davis, Administrative Law Treatise, Vol. 4 (1st Ed., 1958); Federal Radio Comm. v. General Electric Co., 281 U. S. 464 (50 SC 389, 74 LE 969) (1930); Dept. of Natural Resources v. Linchester Sand &c. Corp., supra; American Beauty Homes Corp. v. Louisville &c. Planning & Zoning Comm., 379 SW2d 450 (Ky. 1964); 2 AmJur2d 402 et seq., Administrative Law, §§ 579-582. "The duties or functions which the legislature may not transfer to the judiciary have been characterized as either legislative or executive. That many of these may be delegated to administrative agencies has long been acknowledged. Their descriptive classification is not, however, the significant point. The vice lies in the fact that the duties or functions sought to be conferred upon the courts lie beyond the scope of judicial power.

"If the legislature cannot impose upon the courts the administrative duty or function of making an initial discretionary decision, it cannot do so by the fiction of an appeal which requires the court to adjudicate upon administrative rather than judicial considerations." American Beauty Homes Corp. v. Louisville &c. Planning & Zoning Comm., supra, p. 454. (Footnotes omitted.)

The statute and ordinance here on appeal provide for a de novo jury review of the zoning board of appeals' decisions. Therefore, insofar as this statute and ordinance

empower the courts to readjudicate questions which have already been committed to the administrative discretion of the zoning board of appeals by the governing authorities of this state and Cobb County, they are unconstitutional as burdening the courts with a nonjudicial function. Dept. of Natural Resources v. Linchester Sand &c. Corp., supra; American Beauty Homes Corp. v. Louisville &c. Planning & Zoning Comm., supra.

Textwriters in the area of administrative law urge that the focus of the courts in reviewing administrative decisions should be to evaluate the extent of discretion delegated to that agency and to see that the agency acts within the limits of its discretion in order to protect individuals against the unnecessary and uncontrolled use of that power. The focus is controlling discretion through administratively established standards and safeguards.[5] Davis, Administrative Law Treatise, Vol. 1, § 3:15 (2d Ed. 1978); Cooper, State Administrative Law, Vol. 1, p. 91 (1965). Therefore, the only review authorized is that inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously with regard to an individual's constitutional rights. Since they allow a much broader review, the trial court correctly ruled that, insofar as they provided for a de novo jury trial, the statute and Cobb County ordinance are unconstitutional.

---

[5]In his earlier treatise, Kenneth Culp Davis urged abandonment of the focus on delegation in his 1958 Treatise on Administrative Law, Vol. 1 , p. 151 (1958): " 'The need is usually not for standards but for safeguards. One may surmise that even now the most perceptive courts are motivated much more by the degree of protection against arbitrariness than by the doctrine about standards that they write about in their opinions. When statutes delegate power with inadequate protection against unfairness or favoritism, and when such protection can be easily provided, the reviewing courts may well either insist upon such protection or invalidate the legislation. The elements of protection that may often

We need not reach Vulcan's and Chastain's arguments that the statute and ordinance are also unconstitutional because they are too vague and because they violate the Home Rule Amendment. Nor do we reach the neighbor's contention, raised for the first time on appeal, that the Cobb County Board of Zoning Appeals was without subject matter jurisdiction to entertain Vulcan's variance petition.

2. The trial court also held that the Cobb County Board of Zoning Appeals is an indispensable party and should be added to the appeal. Although we do not, in this case, find that the board is an indispensable party, we do not see and we have not been shown how the neighbors have been harmed by its joinder. Therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

Argued April 10, 1978 — Decided October 4, 1978.

*Downey, Cleveland & Moore, John H. Moore, Joe Parker,* for appellants (Case No. 33420).

*Alston, Miller & Gaines, G. Conley Ingram, Peter M. Degnan, J. Douglas Henderson,* for appellees (Case No. 33420).

*Smith, Cohen, Ringel, Kohler & Martin, John A. Howard,* for appellant (Case No. 33421).

*Alston, Miller & Gaines, G. Conley Ingram, Peter M. Degnan, J. Douglas Henderson, Awtrey, Parker, Risse,*

---

be feasible include a hearing with a determination of the record, a requirement of findings and reasons, respect for consistency of principle from one case to another, and opportunity for check or supervision either by administrative review or legislative review or judicial review. The kinds of protection that should be required are necessarily variables that depend upon circumstances. By and large, the safeguards required for adjudication are greater than those required for general rule making.' " He now urges that the standards and safeguards should be administratively established so that the agency operates under its own rule of law. Davis, Administrative Law Treatise, Vol. 1, p. 205 (2d Ed., 1978).

*Mangerie & Brantley, G. Grant Brantley,* for appellees (Case No. 33421).