## 35322. INTERNATIONAL FUNERAL SERVICES, INC. et al. v. DEKALB COUNTY.

HILL, Justice.

This is a variance case. Floral Hills Memory Gardens, Inc., a wholly owned subsidiary of International Funeral Services, Inc., owns and operates a cemetery in DeKalb County. The property is approximately 80 acres, but only about 30 acres in the southern portion of the tract have been developed for cemetery use. The remaining 50 acres is wooded and undeveloped.

In 1970 plaintiffs requested the DeKalb County Board of Commissioners to rezone some 3 1/2 acres in the southwest corner of the developed portion of the cemetery from a residential zoning classification to an office-institutional (O-I) classification. At that time plaintiffs intended to build a funeral home on the property. The Board of Commissioners granted the request. Since that time plaintiffs have erected an office and three mausoleums on the 3 1/2 acre O-I tract. Numerous lots have been sold at various locations throughout the remaining 26 to 27 acres of the developed area and mausoleums apparently cannot now be built there.[1]

In 1977 plaintiffs sought a variance from the DeKalb County Board of Appeals from the existing setback requirement so as to permit the construction of a fourth mausoleum on the O-I property. The county zoning ordinance from which the variance was sought requires all structures within cemeteries to be set back at least 200 feet from any property line. Plaintiffs sought to reduce the setback from 200 feet to 20 and 75 feet (20 feet from the west line and 75 feet from the south line). The Board of Appeals denied the requested variance. Plaintiffs appealed to the Board of Commissioners, which also denied the application, and then applied to the building inspector for a building permit, which was denied based

---

[1] Plaintiffs also offered testimony that it would not be practicable to locate a mausoleum in the undeveloped 50 acres north of the presently developed area.

on the setback requirement.

Plaintiffs next filed a petition in the DeKalb County Superior Court seeking a declaratory judgment that the 200 foot setback requirement is arbitrary and invalid and further seeking a writ of mandamus to require the issuance of a building permit. The trial court treated defendant's motion to dismiss for failure to state a claim as a motion for summary judgment and granted the motion. Plaintiffs appeal.

1. The county argues that plaintiffs should have proceeded by writ of certiorari under Ga. L. 1943, p. 930, § 16.

Section 11-2348 (a) of the 1977 DeKalb Zoning Ordinance states: "It is the intention of this article that from a decision of the board of appeals recourse shall be had to the board of commissioners, by filing notice of appeal with the development director within 10 days of the decision appealed from. An appeal to the board of commissioners may be taken by any person, firm or corporation aggrieved by a decision of the board of appeals."

It was the purpose of the 1977 ordinance to provide that decisions of the board of appeals would be reviewed by the county commissioners.

The 1977 enactment clearly was intended to repeal § 16 of Ga. L. 1943, pp. 930, 938, supra, which had provided that decisions of the DeKalb Board of Zoning Appeals were subject to review by the superior court on writ of certiorari. See also *Russell v. Smokerise Bath &c. Club,* 243 Ga. 724 (1) (256 SE2d 457) (1979); Ga. L. 1956, p. 3332, §§ 11, 29.

Plaintiffs properly appealed to the county commissioners rather than seeking a writ of certiorari from the superior court to the board of appeals pursuant to the 1943 Act and thereby circumventing review by the county commissioners.

After losing the appeal before the county commissioners, plaintiffs filed suit for declaratory judgment against the county seeking a declaratory judgment that the 200 foot setback requirement is unconstitutional and that the denial of its variance application was unreasonable, arbitrary, discriminatory

and an abuse of discretion.[2] Plaintiffs also prayed for mandamus requiring the issuance of a building permit for the mausoleum. The relief sought by plaintiffs was proper. *Russell v. Smokerise &c. Bath Club,* supra; *Harrison v. Arogeti,* 228 Ga. 55 (183 SE2d 761) (1971); *Manning v. A. A. B. Corp.,* 223 Ga. 111, 115 (153 SE2d 561) (1967); *North Ga. Development Co. v. Edge,* 221 Ga. 454 (145 SE2d 490) (1965); *Wofford Oil Co. v. City of Calhoun,* 183 Ga. 511 (189 SE 5) (1936). Nothing contained in *Bentley v. Chastain,* 242 Ga. 348, 349 (249 SE2d 38) (1978), is contrary to this holding. In that case we held that the decision of a county board of zoning appeals to deny an application for variance was neither legislative nor judicial, but was administrative. The denial of an application for a variance not being a judicial decision, certiorari is not applicable. See *South View Cemetery Assn. v. Hailey,* 199 Ga. 478 (34 SE2d 863) (1945); Code § 19-101.[3]

2. The 1977 DeKalb Zoning Ordinance enacted pursuant to the home rule powers contained in the 1976 Constitution, Art. IX, Sec. IV, Par. II (15), Code Ann. § 2-6102 (15), created a 7 member Board of Appeals empowered to hear and decide applications for variances "where, by reason of . . . exceptional topographic conditions or other extraordinary or exceptional conditions of a piece of property, the strict application of the development requirements of this chapter would result in practical difficulties to, or undue hardship upon, the owner of this property . . . " Code of DeKalb County, § 11-2343 (3). It is clear that the burden is on the applicant

---

[2]No point has been made and we cannot tell from this record whether the constitutional issue was timely raised before the county commissioners. See *Sparks v. Caldwell,* 244 Ga. 530 (1979).

[3]If certiorari were applicable to zoning and variance decisions, it would become necessary for the zoning authorities to have their proceedings recorded and transcribed. See Code Ann. §§ 19-203, 19-402; Betts, Appeals and Certiorari in the Lower and Appellate Courts, pp. 19-20, § 1-15 (Par. 3).

to show the Board of Appeals, and the county commissioners thereafter, that practical difficulties or undue hardship to the owner requires the allowance of the variance. See *B. L. Ivey, Inc. v. Allen,* 105 Ga. App. 728 (125 SE2d 549) (1962). On review, the trial court is authorized to review the variance decision to determine whether the board or county exceeded its authority, abused its discretion, or acted arbitrarily or capriciously with regard to the plaintiffs' constitutional rights. *Bentley v. Chastain,* supra, 242 Ga. at 352.

The trial court heard testimony from the county that building setback requirements for structures, including mausoleums, within cemeteries were justified based upon the peculiar parking needs and requirements within cemeteries, the desirability of providing privacy, seclusion and quiet within a cemetery, and the psychological needs of neighboring property owners.[4] Plaintiffs presented testimony that the setback was unnecessary (the pertinent boundaries were Interstate 285 to the west and a "Wet Willie" slide and general commercial property to the south) and reduced the usefulness of plaintiffs' property.

Plaintiffs failed to carry their burden of showing arbitrariness, capriciousness, or abuse of discretion in the decision to deny the application. *North Ga. Development Co. v. Edge,* supra, 221 Ga. at 457. Plaintiffs have failed to show substantial harm as a result of the setback requirement. Local zoning authorities are not required to grant variances to allow expansion or correct planning errors of the property owner. The denial of the variance was not a violation of plaintiff's rights.

3. Plaintiffs assert that the ordinance requiring the 200 foot setback is unconstitutional in that it is arbitrary and unreasonable and that there is no inherent nature in all structures within cemeteries which would justify the

---

[4]Neither the views of planning employees nor the Planning Department are binding upon the Board of Appeals or county governing board. Similarly, the views of individual county commissioners are not binding on the board.

ordinance.

The burden is on the property owner to produce sufficient evidence from which the court can make findings of fact and conclusions of law to justify a holding that an ordinance is arbitrary and unreasonable. *City of Smyrna v. Parks,* 240 Ga. 699, 703 (242 SE2d 73) (1978); *Matthews v. Fayette County,* 233 Ga. 220, 225 (210 SE2d 758) (1974); *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14) (1955).

Plaintiffs assert that setback requirements are generally 10 to 40 feet, except for the 200 foot setback applicable to cemeteries, livestock barns, riding stables, sawmills, carnivals, rodeos, horse shows, shooting or athletic events, fairs, fairgrounds, amusement parks, communications towers, mining excavations, and petroleum bulk stations.[5] The county offered evidence to justify the setback requirement. See text at footnote 4 above. Plaintiffs have failed to show why the 200 foot setback should not apply to cemeteries or wherein it is unconstitutional. The trial court did not err in granting summary judgment in favor of the county.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 18, 1979 — DECIDED NOVEMBER 6, 1979 — REHEARING DENIED NOVEMBER 21, 1979.

*Hatcher, Irvin & Pressley, Henry M. Hatcher, Jr.,* for appellants.

*George P. Dillard,* for appellee

---

[5]The setback requirement as to commercial property is 30 feet. The owner of the commercial property on the south side of plaintiffs' O-I property has been granted a variance to encroach within 10 feet of plaintiffs' property.