65575. HAMES et al. v. KUSMIERSKY et al.
65576. KUSMIERSKY et al. v. CITY OF ATLANTA.

SOGNIER, Judge.

William and Margie Pitts Hames appeal an order of the Superior Court of Fulton County reinstating a building permit issued to Kusmiersky and others (developers) by the Bureau of Buildings of the City of Atlanta. The permit was issued to the developers to build a high-rise condominium adjacent to the Hames' property. The Hames appealed the issuance of the permit to the Board of Zoning Adjustment of the City of Atlanta (Board) on the ground that the proposed plan for the building was not in accordance with the first plan submitted by the original developers in 1973 upon which a zoning variance was granted. The Board revoked the building permit; the developers appealed to the Superior Court which reversed the Board; we granted the Hames' application for discretionary appeal.

In 1973 the owners of the property to be developed sought a zoning variance in order to build a high rise multi-family development. The application for rezoning was submitted to the City of Atlanta accompanied by a letter from the original developers outlining four specific conditions with which the applicants agreed to comply in order to accomplish the rezoning. The applicants also submitted a drawing or site plan of the proposed building; however, the plan was not attached to the ordinance rezoning the property. The ordinance which rezoned the property incorporated the four conditions contained in the applicants' letter, but did not specifically incorporate the drawing or site plan submitted by the applicants.

The property was thereafter sold to Kusmiersky with the understanding that it was zoned for development of the high rise, and in December 1981 the developers applied for a permit to build. The plan for the development, however, was significantly different from the 1973 plan and the Hames objected to the issuance of the permit.

The Director of the Bureau of Buildings refused to rescind the building permit, and the Hames appealed that decision to the Board of Zoning Adjustment. After a public hearing, the Board revoked the building permit because of the inconsistency between the 1973 building plan and the 1981 plan, and because the plan for the amount of space in the rear yard was in violation of the city's zoning ordinances. The developers appealed this decision to the Superior Court and pursuant to the Building Code of the City of Atlanta simultaneously filed an amended application for a permit with the Bureau of Buildings. The amended application purportedly remedied the rear yard ordinance violations found by the Board and included a plan purportedly in compliance with the 1973 site plan.

A *second* permit was issued by the Bureau of Buildings, but once again the Board of Zoning Adjustment revoked the permit. No findings of fact or conclusions of law were made by the Board in revoking the permit; however, the Board apparently determined that the developers were not entitled to amend their application for the building permit and that the second permit had been illegally issued. This second revocation decision was appealed to the Superior Court on the grounds that the Board's decision was arbitrary and capricious, an abuse of discretion, and that it deprived the developers of their vested property rights as provided for by the ordinance and permit. The trial court consolidated the appeals, affirmed the first revocation of the Board on the basis of the rear yard violations, and reversed the second revocation. It is the second revocation that is the subject matter of the Hames' appeal. The developers have cross-appealed contending that the trial court and the Board erred in hearing the Hames' appeal because they did not have standing to challenge the building permit.

The trial court ruled that there were no factual issues in the case and that the appeal to the superior court involved only questions of law regarding the interpretation and application of ordinances. The trial court proceeded to rule, *inter alia,* that the Hames had standing to bring an appeal from the issuance of a building permit, that the 1973 site plan was *not* a part of the original zoning ordinance upon which the application for the building permit was based, that the plan submitted to obtain the first permit was properly revoked because the specifications regarding the rear yard were in violation of certain ordinances, that the developers' attempt to amend their application for the permit was permissible under the City of Atlanta Building Code, that the amended application cured the defects in the original application and the plan proposed satisfied all the zoning requirements including the rear yard specifications.

1. Appellants contend that the trial court erred in construing

the Atlanta Building Code and ordinances to allow the original 1981 permit application to be amended. Appellants argue that appellees' 1982 permit application is a new application and governed by the 1982 zoning ordinance which has height restrictions that would prohibit the development of the high-rise condominium as planned by the developers. Appellees argue that their permit application was filed in December 1981 and properly *amended* in March 1982 following the Board's decision to revoke the first permit, and that the amendment relates back and is part of the original application.

The Board's decision to revoke the 1981 permit was made on March 5, 1982 and communicated to the Director of the Bureau of Buildings with instructions to revoke the permit. The Director, pursuant to Rule 103.9 of the City of Atlanta Building Code, informed the developers of the Board's decision, and pursuant to Rule 102.5 of the Building Code, allowed appellees to amend their building permit application to remedy the violations found by the Board. On March 29, 1982 appellees amended their application for a permit; the permit was granted by the Bureau of Buildings and subsequently revoked by the Board. Both Board decisions were appealed by the developers to the Superior Court. However, as a matter of law, the first appeal was not valid as no final judgment to revoke the permit had been entered by the Board. Code Ann. § 69-1211.1 (no OCGA cite); *Brown v. Anderson,* 13 Ga. 171, 172 (4) (1853); *Bates v. Weaver,* 145 Ga. 241 (88 SE 986) (1916); cf. *Cubine v. Cubine,* 69 Ga. App. 656, 662 (26 SE2d 462) (1943). Nothing in the zoning ordinance prohibits amendment of the application for the building permit, and the developers were authorized by the Building Code to amend their 1981 application. Thus, the 1981 application was in effect as amended and the pre-1982 zoning ordinance applies.

2. Appellants also contend that the trial court erred in failing to remand the case to the Board to make findings of fact and conclusions of law. After reviewing the record, we agree with appellants and conclude that there are factual questions that the Board did not address and which the Superior Court, as an appellate court, was not permitted to decide. In fact the trial court recognized the failure of the Board to make appropriate findings of fact but declined to remand because it "would be like 'marching the King's men up the hill and then marching them down again' without accomplishing anything." The trial court determined that there was no issue as to basic facts and that the case could be decided as a matter of law. We disagree and reverse.

It appears from the record of the Board's hearing on the amended permit application that the decision to revoke the permit was based upon the conclusion by the Board members that the

amendment to the application was not permissible and that, as a matter of law, the permit should be revoked. As we stated in Division 1 of this opinion, the permit application was properly amended. The Board, because it made its decision based upon a legal issue, did not make findings on any factual issues. However, the trial court proceeded to find the amendment permissible *and* make factual findings that should have been made by the Board on remand.

The trial court, reviewing an administrative decision of a board of zoning appeals under Code Ann. § 69-1211.1, is limited to an evaluation of the extent of discretion delegated to the administrative agency and to seeing that the agency acts within the limits of its discretion. "[T]he only review authorized is that inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously. . . ." *Bentley v. Chastain,* 242 Ga. 348, 352 (249 SE2d 38) (1978).

In order to evaluate a decision of the board of zoning appeals there must be some findings containing sufficient adjudicative facts to permit a court to conduct a meaningful review of the proceeding for the purpose of determining the question of whether the action of the board has or has not been arbitrary. Caller v. Ison, 508 SW2d 776 (Ky. 1974). The court may not substitute its own judgment on the facts for that of the Board. Levy v. Seven Slade, Inc., 198 A2d 267 (Md. 1964). The case, then, must be remanded to the Board with instructions to make findings of fact in support of whatever determination it may reach on the evidence presented in the case. McClellan v. Zoning Hearing Bd. of Mt. Pleasant Township, Washington County, 304 A2d 520 (Pa. 1973); Collins v. Behan, 33 NE2d 86 (N. Y. 1941); Caller v. Ison, supra; Thorne v. Zoning Bd. of Appeals of Stamford, 238 A2d 400 (Conn. 1968).

Appellees argue that there are no factual determinations to be made in the case since the only issues concern interpretation of the ordinances. We do not agree.

The trial court determined as a matter of law that the 1973 ordinance did not include a site plan and that the 1982 plans did not have to conform to a site plan for purposes of obtaining a building permit. We agree with the trial court that the interpretation of the 1973 ordinance is a matter of law and that no site plan was specifically incorporated into the ordinance. *City Council of Augusta v. Irvin,* 109 Ga. App. 598 (137 SE2d 82) (1964). However, in determining whether or not to revoke the amended permit the Board must make a determination as a matter of fact that the 1982 plans do or do not conform to the 1973 ordinance and the conditions included therein. Likewise, the Board must make a factual determination with regard

to whether the 1982 plan meets the rear yard requirements of the zoning ordinances. The trial judge erred in failing to remand the case to the Board to make these factual determinations.

3. Appellees contend in their cross-appeal that the Hames had no standing to appeal the granting of the building permit to the Board because they are not aggrieved persons. Code Ann. § 69-1211 provides that appeals to the board of zoning appeals may be taken by any person aggrieved by a decision of an administrative officer; Code Ann. § 69-1211.1 also provides that a person aggrieved by a decision of the board of zoning appeals may take an appeal to the superior court. "It is well settled that in order to attain 'aggrieved' status under the statute, a person must demonstrate that his property will suffer special damage as a result of the decision complained of rather than merely some damage which is common to all property owners similarly situated. [Cits.]" *Tate v. Stephens,* 245 Ga. 519, 520 (265 SE2d 811) (1980). The threshold determination in an appeal to the board of zoning appeals with regard to standing must be made by the board of zoning appeals based upon the evidence presented regarding special damages. The trial court should have remanded the case to the Board for a finding on the matter of the aggrieved parties' status. Wagner v. Zoning Bd. of Appeals of Canton, 216 A2d 182 (Conn. 1965). The judgment must be reversed and remanded with instructions that the trial court remand the case to the Board for further proceedings not inconsistent with this decision.

*Judgment reversed and remanded. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1983 —
REHEARING DENIED MAY 25, 1983 — 

*J. D. Fleming, Jr.,* for appellants (case no. 65575).

*C. B. Rogers, Hunter R. Hughes III, John J. Almond, Alan R. Perry, Jr.,* for appellees.

*C. B. Rogers, Hunter R. Hughes III, John J. Almond, Alan R. Perry, Jr.,* for appellants (case no. 65576).

*Thomas A. Bowman,* for appellee.