## A93A1710, A93A1711. BOARD OF ZONING ADJUSTMENT OF THE CITY OF ATLANTA v. MURPHY; and vice versa.

(438 SE2d 134)

McMURRAY, Presiding Judge.

Thomas L. Murphy has owned and operated a restaurant in the Virginia-Highland business district of the City of Atlanta for many years. He wanted to move his restaurant to another location in the business district a block away. The new location was occupied by a retail store and required 27 parking spaces under the current Atlanta Zoning Ordinance; but it only had 11 parking spaces. Thus, the premises lacked 16 parking spaces and were non-conforming. However, the premises were legally grandfathered.

The zoning code requires restaurants to have more parking spaces per square foot than retail stores. Murphy's use of the new location as a restaurant would require 42 parking spaces.

Murphy sought an exception. The Board of Zoning Appeals ("BZA") granted an exception by allowing for off-site parking at several nearby locations. The exception was granted on the condition that Murphy provide an attendant at one of the off-site parking locations. The attendant was to be on duty every night except Sunday, from 6:00 p.m. to 10:00 p.m. He was to be sure that only Murphy's customers parked in Murphy's parking spaces.

Murphy appealed. He argued that inasmuch as the new location was already non-conforming and legally grandfathered to the extent of 16 parking spaces, he was only required to provide a total of 26 parking spaces. He also argued that the BZA lacked the authority to impose a parking attendant requirement condition and that, in any event, the parking attendant requirement was arbitrary and capricious and an abuse of discretion.

The superior court ruled that Murphy could not take advantage of the previous non-conforming off-site parking situation and that, therefore, he was required to provide 42 parking spaces. It also ruled that the BZA did not have the authority to require the presence of a parking attendant and that even if it did, such a requirement was arbitrary and capricious because there was no evidence that the presence of an attendant would protect the public interest. Accordingly, the superior court struck down the parking attendant requirement. However, the superior court did not remand the case to the BZA, finding that the BZA had already fully considered the parking attendant issue.

The BZA sought and we granted a discretionary appeal. The BZA appeals in Case No. A93A1710. Murphy cross-appeals in Case No. A93A1711. *Held*:

1. Section 16-25.002 of the Atlanta Zoning Ordinance provides: "In granting special permits, such conditions may be attached as are

deemed necessary in the particular case to protect the public interest and surrounding properties." We agree with the superior court that the record is devoid of evidence as to just how the parking attendant condition would protect the public interest. The superior court did not err in striking down the condition.

2. Inasmuch as the special exception was granted on condition that Murphy employ a parking attendant, the superior court should remand this case to the BZA. See generally *Hames v. Kusmiersky*, 166 Ga. App. 730 (305 SE2d 377). After all, the special exception may not have been granted by the BZA if it had known that the parking attendant condition was to be stricken.

3. The superior court properly determined that Murphy is not entitled to take advantage of the previous non-conforming use. As it is said: "Where the use of a building, which is nonconforming because it does not meet offstreet parking requirements, is changed, the new use does not have a right to continued nonconforming use status in relation to offstreet parking." Anderson, American Law of Zoning 3d, p. 261, § 9.50 (1986).

*Judgment affirmed in part and reversed in part and remanded in Case No. A93A1710. Judgment affirmed in Case No. A93A1711. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 10, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993 —

*Michael V. Coleman, David D. Blum, Robert L. Zoeckler*, for appellant.

*Ellenberg & Associates, Richard D. Ellenberg*, for appellee.