SMITH, Chief Judge, dissenting.
Because I conclude that the hearing officer's findings were based upon substantial evidence and that the review board's decision was not a policy decision and therefore not entitled to deference, I respectfully dissent.
I recognize that departmental regulations do not require that an exception be allowed even if it meets the standard for an exception. In **889 my view, though, that principle applies only to the hearing officer. The statute itself limits the review board's authority to reverse the hearing officer:
[T]he review board shall not reverse findings of fact made by the hearing officer unless the review board specifically finds that the hearing officer's findings of fact are not supported by substantial evidence, which shall mean that the record does not contain such relevant evidence as a reasonable mind might accept as adequate to support such findings, inferences, conclusions, or decisions, which such evidentiary standard shall be in excess of the "any evidence" standard contained in other statutory provisions.
(Emphasis supplied.) OCGA § 31-6-44(h).
The evidence supporting the hearing officer's findings and conclusion in this case includes historical patterns, the huge size of the service area, the disproportionately high incidence of heart disease in the service area, the fact that no facility within the service area is equipped for open-heart surgery, and the fact that notwithstanding that hospitals in Georgia were closer, many patients were referred to Florida hospitals for care. The failure of the CON opponents to provide any evidence that their programs would improve access to open-heart surgery services for residents of the Satilla service area further supports the hearing officer's conclusion that development of a Satilla program would improve health care, lower costs, and raise awareness in the community. I am satisfied that this evidence is quite substantial, and the review board had no authority to reverse the hearing officer's decision.
In my view, therefore, the superior court properly reversed the review board under several of the grounds set forth in OCGA § 31-6-44(m), which governs judicial review. That subsection provides, in pertinent part, that a court
may reverse or modify the final decision only if ... the administrative findings, inferences, and conclusions contained in the final decision are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the department; (3) Made upon unlawful procedures; (4) Affected by other error of law; (5) Not supported by substantial evidence...; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
**890 I agree with the superior court that no substantial evidence supports the review board's decision, while substantial evidence supports the findings of the hearing officer. It follows that the review board violated the provisions *522 of OCGA § 31-6-44(h), acted outside of its authority, and abused its discretion.
Further, I cannot agree with the majority that the review board's decision is entitled to deference because it is "infused with policy considerations."
[A]gencies provide a high level of expertise and an opportunity for specialization unavailable in the judicial or legislative branches. They are able to use these skills, along with the policy mandate and discretion entrusted to them by the legislature, to make rules and enforce them in fashioning solutions to very complex problems. Thus, their decisions are not to be taken lightly or minimized by the judiciary.
Bentley v. Chastain, 242 Ga. 348, 350-351, 249 S.E.2d 38 (1978). Agencies are creations of the General Assembly. They sometimes perform activities that are legislative in nature, but also sometimes perform activities that are quasi-judicial, as in making factual determinations and adjudicating individual matters. See id. at 350, 249 S.E.2d 38. Of course, regulations adopted by an agency carry a presumption of validity. And we must defer to an administrative agency "in matters involving the interpretation of the statutes which it is empowered to enforce. [Cits.]" Albany Surgical, P.C. v. Dept. of Community Health, 257 Ga.App. 636, 638, 572 S.E.2d 638 (2002).
But giving great deference to executive agencies' policy decisions does not mean we must defer to the agency's final word when it adjudicates an individual application for a certificate of need. That decision is not a policy decision; it is simply influenced and impacted by the agency's policy - that is, the already-established rules, regulations, and any other applicable standards adopted by the agency to ensure that its individual adjudicatory decisions are not infected with caprice or bias. The Department's policy regarding exceptions to the certificate of need criteria had already been determined when this case was adjudicated. It is encapsulated in the applicable regulations issued by the Department, including Rule 272-2-.09(13)(c)(1)(ii) regarding exceptions, and its own internal directives, including its "Specialized Cardiovascular Services Component Plan." The hearing officer decided that the requirements embodied in those documents had been met. His decision was supported by substantial evidence, and the review board had no authority to reverse that decision. I would therefore affirm the superior court, thereby reversing the review board.
**891 I am authorized to state that Judge Miller joins in this dissent.