# FIRST NATIONAL BANK OF LOUISVILLE *v.* LOUISVILLE.

## SAME *v.* STONE.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF KENTUCKY.

Nos. 685, 684.  Argued February 28, March 2, 1899. — Decided May 15, 1899.

The decision of the court below that taxes imposed upon the franchise or
intangible property of a national bank may be regarded as the equivalent
of a tax on the shares of stock in the names of the shareholders, and
hence did not violate the act of Congress in that respect, was erroneous
and is reversed.

THE case is stated in the opinion.

*Mr. Henry L. Stone* for Louisville.

*Mr. Alexander Pope Humphrey, Mr. Frank Chinn, Mr.
James P. Helm* and *Mr. John W. Rodman* for the banks.

MR. JUSTICE WHITE delivered the opinion of the court.

In these two cases the appellant filed its bills to enjoin the
assessment and collection of certain taxes. The grounds
upon which the prayer for relief in each case was rested were
substantially as follows :

First. That the taxes in question were levied upon the fran-
chise and property of the bank, and not upon the shares of
stock in the names of the shareholders, and were therefore
illegal; second, that the taxes were discriminatory, because,
as a consequence of the exemption of certain state banks from
taxation by special contract, the property of the bank was
taxed at a higher rate than other moneyed capital, in violation
of the act of Congress; and, third, that the taxes were illegal,
because not in conformity to the state constitution and cer-
tain provisions of the state laws.

The court below decided that, although the taxes were im-

posed or contemplated to be assessed on the franchise or intangible property of the bank, nevertheless they were the equivalent of a tax on the shares of stock in the names of the shareholders, and hence did not violate the act of Congress. It moreover held that the remaining grounds were without merit.   88 Fed. Rep. 409.

The law under which the taxes in question were levied is the same one which was considered in *Owensboro National Bank, Plaintiff in Error,* v. *The City of Owensboro and A. M. C. Simmons,* 173 U. S. 664.   The theory of equivalency upon which the court below decreed the taxes to be legal was in that case fully examined, and held to be unsound.

It follows that the decrees below rendered in these cases were erroneous.   It is therefore ordered that said decrees be

*Reversed, and the cases remanded to the lower court with directions for such further proceedings as may be in conformity with this opinion.*