19075. WASHINGTON LOAN & BANKING COMPANY *v.* GOLUCKE, Clerk.

ARGUED SEPTEMBER 13, 1955—DECIDED NOVEMBER 14, 1955—
REHEARING DENIED NOVEMBER 29, 1955.

*Colley & Orr, Carroll D. Colley, Cumming, Nixon & Eve, Jos. B. Cumming, Smith, Field, Doremus & Ringel, Alex W. Smith,* for plaintiff in error.

*Eugene Cook, Attorney-General, William L. Norton, Jr., Ben F. Johnson, Jr., Assistant Attorneys-General,* contra.

ALMAND, Justice. Washington Loan & Banking Company, a chartered State bank, filed its petition against Ralph W. Golucke,

Clerk of the Superior Court of Taliaferro County, to require him to record a deed to certain real estate, securing a note having its maturity date in excess of 3 years, and falling within the definition of long-term notes under the Intangible Property Tax Act approved December 22, 1953 (Ga. 1953, Nov.-Dec. Sess., p. 379). The defendant refused to record said deed because the recording fee had not been paid to the tax commissioner under the provisions of said act as amended (Ga. L. 1955, pp. 288, 293). The petition of the bank was in two counts. The first count asserted that the refusal of the defendant to receive and record the deed was illegal, because the Intangible Property Tax Act of 1953 was void and of no effect, in that it violated stated provisions of the State Constitution. The second count alleged that, under the terms of said act, no tax was imposed upon the petitioner, and it was under no obligation to pay the recording tax. The general demurrers of the defendant to both counts were sustained, and the petitioner assigns error on the dismissal of his petition.

In count 2 of the petition, the plaintiff asserts that it is not subject to the payment of the recording tax, and is entitled under the law to have its security deed recorded without payment of such tax, by reason of the express provisions of sec. 2 of the intangible tax act approved December 27, 1937 (Ga. L. 1937-38, Ex. Sess., pp. 156, 158; Code, Ann. Supp., § 92-114); by the act approved February 7, 1952 (Ga. L. 1952, p. 46; Code, Ann. Supp., § 92-2406.1; and under section 1 of part 3 of the act approved December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 379, 389; Code, Ann. Supp., § 92-183).

The intangible tax act of 1937, supra, provides that, notwithstanding any other provision of this law, State banks shall be taxed "as heretofore provided by law." Code (Ann. Supp.) § 92-158. Code (Ann. Supp.) § 92-2406 provides that no taxes shall be assessed upon the capital stock of banks or banking institutions organized under the authority of this State or of the United States located within the State, but the shares of the stockholders of such banks shall be taxed at their market value including surplus and undivided profits. The act of 1952, supra, provides that "It is the policy of this State that all taxation shall be equalized as between State and National banks"; and that "All banks . . . created and incorporated under the laws

of this State, shall be subject to taxation on the same basis, in the same manner, to the same extent, and with the same immunities and exemptions as national banks . . . located in this State." Part 3, section 1, of the act of 1953, supra, provides that all State banks "shall have the same immunities and exemptions as national banks . . . located in this State."

It is asserted in the petition that national banks are not liable for the payment of the recording fee referred to and complained of, and that it is apparent that the petitioner, as a State bank, is not liable therefor. There is no contention on the part of the defendant that national banks are subject to the ad valorem recording tax on long-term notes under the provisions of the act of 1953. Under the authorities, they are not subject to the tax. Owensboro National Bank *v.* City of Owensboro, 173 U. S. 664 (19 Sup. Ct. 537, 43 L. ed. 850); First National Bank of Louisville *v.* City of Louisville, 174 U. S. 438 (19 Sup. Ct. 876, 43 L. ed. 1038); Pittman *v.* Home Owners' Loan Corporation, 308 U. S. 21 (60 Sup. Ct. 15, 84 L. ed. 11, 124 A. L. R. 1263). This act does not repeal, expressly or by implication, the provision of the act of 1952 which declared the policy of the State to be that the taxation between State and national banks shall be equalized, and that State banks shall be subject to taxation on the same basis, in the same manner, and to the same extent as national banks; but the provisions of section 1 of part 3 of the act of 1953 show the express purpose to pursue the policy enunciated in the act of 1952. Code § 92-2406 provides that State banks shall be taxed in the same manner as national banks, and under that section, when the shares of the stockholders are assessed at their full market value, including surplus and undivided profits, it includes long-term notes, and to tax separately such notes would be violative of the declared policy of this State.

In our opinion, State banks chartered by the laws of this State and located therein are not subject to the recording tax on long-term promissory notes under the provisions of part 1 of the Intangible Property Tax Act of 1953.

It follows from what has been said that the court erred in sustaining the general demurrers to count 2 of the petition, and it is unnecessary to pass upon the constitutionality of the Intangible Property Tax Act.

*Judgment reversed. All the Justices concur.*