24602. ATLANTA FEDERAL SAVINGS & LOAN ASSOCIATION et al. v. SIMMONS, Clerk.

ARGUED MAY 15, 1968—DECIDED JUNE 20, 1968—
REHEARING DENIED JULY 16, 1968.

484

*Grant, Spears & Duckworth, William G. Grant,* for appellants.
*Harold Sheats, John Tye Ferguson,* for appellee.

*Arthur K. Bolton, Attorney General, William L. Harper, H. Perry Michael, Assistant Attorneys General, Herbert O. Edwards, Robert E. Mozley, George P. Dillard,* for parties at interest not parties to record.

GRICE, Justice. The issue here is whether or not federal savings and loan associations incorporated under the laws of the United States and having their principal offices or places of business in this State and building and loan associations incorporated under the laws of this State are subject to the tax on "long term notes" imposed by the Intangible Property Tax Act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 379).

This issue arose when Atlanta Federal Savings & Loan Association and several other institutions of the types referred to above filed in the Superior Court of Fulton County their complaint against J. W. Simmons in his official capacity as clerk of that court, praying for a writ of mandamus to require him to accept, file, index and record a specified deed to secure debt conveying to said associations real estate in the county. The indebtedness secured by the deed was evidenced by a "long term note" as defined in said Act. The associations tendered with the deed the amount the clerk was authorized by law to charge for filing, indexing and recording the deed, but the clerk refused to accept, file, index and record the instrument for the sole reason that the associations did not tender and present a certificate of the Tax Commissioner of Fulton County showing payment of an intangible tax in a stated amount which he contended was due on said long term note under said Act and required to be paid before recording of the instrument. A rule nisi was issued on the petition.

The clerk filed an answer and response denying failure or refusal to perform any official duty imposed on him by law and alleged that he was under no duty to record the instrument until the intangible tax had been paid on the long term note secured by it.

A hearing was had upon an agreed statement of facts, and thereupon the court entered a judgment denying the associations' prayer for grant of a writ of mandamus and dismissing their complaint.

The appeal is from that judgment.

This same issue was before this court in 1954 in *Fulton County Fed. Savings &c. Assn. v. Simmons,* 210 Ga. 621 (82 SE2d 16). There, this court held against the association's contention that under the terms of the Intangible Property Tax Act of 1953, *supra,* it was not subject to the tax on long term notes.

In that case the court considered the proviso of Part III, Section 1 of that Act that certain institutions, including all building and loan associations incorporated under the laws of this State and all federal savings and loan associations having their principal offices or places of business in this State "shall have the same immunities and exemptions as national banks" of the United States located in this State.

The conclusion of the majority of the court was that, viewed in the light of the entire Act, the legislature intended this provision to apply only to Parts II and III of the Act, and not to Part I, which imposes the tax on long term notes. One Justice dissented, hence this decision is not a binding precedent for this court.

In 1955 this court, in *Washington Loan &c. Co. v. Golucke,* 212 Ga. 98 (90 SE2d 575), had before it this same question, except that it involved a state bank, instead of a savings and loan association. This court there held that the bank was not subject to the tax on long term notes since our law requires that state banks be taxed on the same basis as national banks and, admittedly, national banks are not subject to this tax on long term notes.

The decision in the *Washington* case, 212 Ga. 98, *supra,* relies upon *Code Ann.* § 92-2406.1 (Ga. L. 1952, p. 46), which provides that "It is the policy of this State that all taxation shall be equalized as between State and National banks"; and that state banks "shall be subject to taxation on the same basis, in the same manner, to the same extent, and with the same immunities and exemptions as national banks . . . located in this State."

However, that decision also relied upon Part III, Section 1 of the Intangible Property Tax Act of 1953, supra, which provision is applicable to savings and loan associations and building and loan associations, as well as to state banks. That section provides that state banks, state building and loan associations and federal savings and loan associations having their principal offices or places of business in this State "shall have the same immunities and exemptions as national banks" located in this State. Ga. L. 1953, Nov.-Dec. Sess., pp. 379, 389 (*Code Ann.* § 92-183).

Under the foregoing provision of the 1953 Act, state building and loan associations and federal savings and loan associations stand on the same basis as to taxation as state banks, that is, they are granted the same immunities and exemptions as national banks in this State. Therefore, the *Washington* case, 212 Ga. 98, supra, a full bench decision holding that state banks are not subject to the tax on long term notes under such 1953 Act, must also apply to such associations and, in effect, overrules the earlier *Fulton County Federal* case, 210 Ga. 621, supra.

We therefore regard as erroneous the denial of the prayer for grant of the writ of mandamus and dismissal of the petition.

A different conclusion is not required because of the contention made by the clerk that such interpretation of the Intangible Property Tax Act of 1953 would be an additional exemption from taxation contrary to the State Constitution, Article VII, Section I, Paragraph IV (*Code Ann.* § 2-5404), prohibiting further exemption from taxation. This contention cannot be sustained. This is not an exemption of the property of the associations from ad valorem taxation. It is merely a limitation on the method of such taxation. When the net worths of the associations are assessed at their full market value, including surpluses and undivided profits and reserves, as required by *Code Ann.* § 92-179 (Ga. L. 1953, Nov.-Dec. Sess., pp. 379, 388), they include long term notes. See *Washington Loan &c. Co. v. Golucke*, 212 Ga. 98, 100, supra.

*Judgment reversed. All the Justices concur, except Mobley, J., disqualified.*