### 28258. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER v. ABBOTT et al.

GUNTER, Justice. This case involves an appeal by an out-of-state federal savings and loan association (Rochester) from a summary judgment entered in the trial court upholding the right of the state of Georgia to impose and collect an intangible tax upon a long-term note secured by Georgia real estate.

The parties stipulated that a long-term promissory note in favor of Rochester was executed and delivered in the state of New York by a Georgia corporation, and that the note "has never been inside the state of Georgia." As security for the promissory note the Georgia corporation executed and delivered a deed to secure debt conveying to Rochester real estate located in Georgia. Rochester had the security deed recorded in Georgia, and as a prerequisite to recording the same, it had to pay the intangible tax imposed by Code Ann. § 92-164. Rochester paid the tax under protest as provided by law, its protest being as follows: "It is the contention of First Federal Savings and Loan Association of Rochester, Rochester, New York, that the intangibles tax (Code Ann. § 92-164, Ga. L. 1953, Nov. Sess., pp. 379, 383, as amended)

as applied to it is illegal and erroneous." A claim for refund was then filed, the claim was denied by the State Revenue Commissioner, and Rochester then brought an action in the trial court to recover the tax paid.

The trial court denied Rochester's motion for summary judgment, granted the motion for summary judgment on behalf of the state taxing officials, and Rochester has now appealed.

We must reverse the judgment below for the reasons hereinafter stated.

Code Ann. § 92-164 provides that every holder of long-term notes secured by Georgia real estate must, within ninety days of the execution of the security instrument, record the security instrument in the real estate records in the county where the land is located, and it further provides that as a condition precedent to the recording a specified intangible tax must be paid. Code Ann. § 92-165 provides that the recording of such a security instrument without payment of the tax imposed "shall not constitute legal notice to anyone."

It is conceded that national banks, state banks, building and loan associations, and federal savings and loan associations operating in Georgia do not, because of the way in which these entities are otherwise taxed by the State, have to pay the intangible tax on such security instruments when they are recorded. This court originally held that federal savings and loan associations operating in Georgia were required to pay the tax. See *Fulton County Federal Savings &c. Assn. v. Simmons,* 210 Ga. 621 (82 SE2d 16). This court then held that state banks are not required to pay the tax. *Washington Loan & Bkg. Co. v. Golucke,* 212 Ga. 98 (90 SE2d 575). Then in 1968 this court overruled the *Fulton County Federal* case, 210 Ga. 621, supra, holding that federal savings and loan associations operating in Georgia do not have to pay the tax. *Atlanta Federal Savings &c. Assn. v. Simmons,* 224 Ga. 483 (162 SE2d 342).

Prior to today we have not been called upon to rule whether an out-of-state federal savings and loan association, not having a place of doing business in Georgia as is the situation with Rochester, must pay the tax. Rochester's main contentions are that the Georgia tax statutes, if construed to be applicable to it, constitute a denial of equal protection of the law under both the Federal and Georgia Constitutions, and that the Georgia tax statutes, if construed to be applicable to it, are violative of the Federal Savings and Loan Association Act enacted by the

Congress.

The Revenue Commissioner's argument is that the tax is not actually a transaction tax or a recording tax, but rather a tax on intangible property, namely, long-term promissory notes secured by real estate. The Revenue Commissioner further argues that Georgia-based savings and loan associations are not "exempt" from payment of the tax in question, because they, those based in Georgia, are taxed on a "net worth" basis pursuant to Code Ann. § 92-179; and therefore there is a rational basis for the different treatment of in-state and out-of-state associations, the result being that classifying them in this manner and taxing them differently is not a denial of equal protection.

The problem we see with the Revenue Commissioner's argument is that if the tax is not a "transaction or recording tax," and he contends that it is not, then the tax imposed by Code Ann. § 92-164 is merely a tax on intangible property, namely, long-term notes secured by real estate. And if this is so Georgia cannot tax a promissory note owned by Rochester, because the "taxable situs" of such intangible property is not in Georgia.

Code Ann. § 92-121, having reference to persons subject to tax on intangibles, provides in part as follows: "Every . . . non-resident person . . . is declared to be subject to the tax imposed in this law . . . on so much of his property taxable under §§ 92-116 to 92-122 as shall have been acquired in the conduct of, or used incident to, business carried on or property located in this State."

In *Davis v. Penn Mut. Life Ins. Co.,* 198 Ga. 550 (32 SE2d 180, 160 ALR 778), this court said: "1. The determining factor in the taxability of intangibles, as of tangibles, is territorial jurisdiction of a taxing sovereignty. The want of power to tax property outside the territorial jurisdiction is an inherent limitation on the power to tax. This State, having no external sovereignty under our Federal system, cannot exercise jurisdiction or authority over persons or property without its territory, and 'cannot tax where it has jurisdiction over neither the owner or the property.' To do so would violate the due process clause of our state Constitution. 2. 'According to previous decisions by this court construing Georgia statutes, a promissory note executed by a resident of this state, but owned by a non-resident and held by him at his domicile out of this state, is to be taxed here only if it is derived from or is used as an incident of property owned or of a business conducted by the non-resident or his agent in

Georgia; and this is true although the note may be secured by a mortgage on land situated in this state.'"

In *Columbus Mut. Life Ins. Co. v. Gullatt,* 189 Ga. 747 (1) (8 SE2d 38), this court said: "Promissory notes of citizens of this state, secured by Georgia land, are not taxable here if owned by a non-resident corporation and held at its domicile in another state, unless they accrue out of or are incident to property owned or a business conducted by such non-resident, or its agent, in this state."

It is conceded in this case that Rochester does not have a place of doing business in Georgia and has no agents doing business for it in Georgia. Rochester's only connection with Georgia is that it has accepted in New York and owns a promissory note which is secured by land located in Georgia. Georgia, in this situation, cannot impose an intangible tax upon this promissory note.

On the other hand, were we to hold that the tax imposed by Code Ann. § 92-164 is a "transaction or recording tax," and we specifically decline to hold that it is such, then we would have to agree with Rochester that its applicability to out-of-state associations and its non-applicability to Georgia-based associations would render the statutes imposing the tax in this manner unconstitutional.

We hold that the tax imposed by Code Ann. § 92-164 is a one-time tax on intangible property, namely, long-term promissory notes secured by real estate, and for Georgia to impose such a tax the taxable situs of the note or notes must be in Georgia. That is plainly not the situation in this case, because the taxable situs of the note in question is in the state of New York. Therefore, Rochester's claim for refund should have been allowed.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED SEPTEMBER 14, 1973 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Kaler, Karesh & Frankel, Jerry L. Sims,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Martin H. Peabody,* for appellees.