## 32005. MEADE v. HEIMANSON.

BOWLES, Justice.

This court granted a writ of certiorari to decide whether and to what extent a plaintiff moving for summary judgment in a suit on a promissory note is required to respond to the defendant's allegation that "the plaintiff has failed to comply with the Georgia law governing suits upon such instruments."

The case is one in which Donald R. Meade filed suit against Neil L. Heimanson to recover $1,500, plus interest and attorney fees, due on an unsecured promissory note. In response to the complaint, Heimanson filed an answer denying most of the allegations of the complaint and

pleading the affirmative defenses of failure to state a claim, total failure of consideration, and failure to "comply with the Georgia Law governing suits upon such instruments."

Meade filed a motion for summary judgment, supported by affidavit, and Heimanson responded with a motion for summary judgment, unsupported by affidavit. Both motions for summary judgment were heard by the trial judge, who had before him the pleadings filed by both parties, Meade's responses to a request for admissions propounded by Heimanson, the affidavit of Meade, and the oral argument of the parties.

The trial court entered an order granting summary judgment to Meade and denying summary judgment to Heimanson. Heimanson appealed the decision to the Court of Appeals, alleging in part, that Meade had failed to make tax returns on the note as intangible property and was barred from prosecuting the action on the note by Code Ann. § 92-125. The Court of Appeals reversed the judgment of the trial court, holding that Meade had failed to pierce the defense of total failure of consideration and the defense of failure to pay intangible taxes on the promissory note, and, therefore, was not entitled to summary judgment.

Code Ann.§ 81A-156 (e) provides that when a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580) (1964); Ga. L. 1966, pp. 609, 634.

In the instant case, the defendant in his pleadings or otherwise gave no indication as to the manner in which petitioner "failed to comply with Georgia law." Such a claim is not notice of a defense. Neither the trial court nor the plaintiff, nor this court, for that matter, can tell what defense was intended at that time. On appeal, however, he contended that petitoner *wilfully* failed to list certain

property for taxation in violation of Code Ann. § 92-126.

At the time the trial court ruled on the motion for summary judgment, it had before it evidence which showed that petitioner was and had been a resident of the State of Florida since November 1, 1972; the situs of the promissory note on January 1, 1973, was Florida; the note was not secured by property located in Georgia; and the transaction was not part of any ongoing business operation so as to provide a sufficient nexus to meet the demands of substantive due process. See *Columbus Mut. Life Ins. Co. v. Gullatt,* 189 Ga. 747 (8 SE2d 38) (1940); *Davis v. Penn. Mut. Life Ins. Co.,* 198 Ga. 550 (32 SE2d 180) (1944); *First Fed. Savings & Loan Assn. v. Abbott,* 231 Ga. 864 (204 SE2d 594) (1958); *Columbia Bank for Cooperatives v. Blackmon,* 232 Ga. 344 (206 SE2d 424) (1974). This evidence was uncontradicted by any affidavit or admission made by the defendant. The record before the trial court showed that the note was good. There was no evidence that all legal requirements had not been complied with, other than a bare allegation presented in a pleading. Nothing in the record at that time indicated that the petitioner had wilfully failed to pay an intangible tax on the note. Under the facts, petitioner was not obligated for intangible taxes.

As to the allegation of total failure of consideration presented in the defense, the affidavit of petitioner denied that there was a failure of consideration in the transaction in that he accepted defendant's promissory note as partial payment of the purchase price of a house and lot. In his original answer, defendant admitted he resided at the address of the property referred to in petitioner's affidavit. As left undenied, these facts showed, prima facie, that consideration in the form of realty had been given for the note and that the consideration had value in that it was used by defendant as his residence as of November 13, 1975. This pierced the defense, sufficient to shift the burden to the defendant to go forward and show by affidavits or otherwise that there was a genuine issue to be tried. The defendant failed to rebut the evidence presented in any way.

As the Court of Appeals stated in *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442), "The purpose of the

Summary Judgment Act . . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." This court went on to state in *Crutcher v. Crawford Land Co.,* supra, that the Act "was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial, even though the petition fairly bristles with serious allegations, if when given notice and opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations, the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail." P. 303.

As written, Code Ann. § 81A-156 places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal.

The purpose of the Summary Judgment Act, as we have interpreted it, would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense. One opposing the motion must present the essense of his case or else suffer judgment against him. As stated in the Act itself, a response "must set forth specific facts showing that there is a genuine issue for trial."

We find that the Court of Appeals erred in its reversal of the trial court's grant of summary judgment to the petitioner. The petitioner presented, prima facie, by the pleadings and his affidavit, that he was entitled to judgment on the promissory note. The respondent at that stage of the proceeding failed to come forward with any

evidence so as to create an issue of fact to be decided by a jury. His answer and special defenses having been pierced by plaintiff's showing, the trial court properly granted petitioner's motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1977 — DECIDED
JUNE 8, 1977.

*Smith, Harman, Asbill, Roach & Nellis, Richard D. Elliott,* for appellant.

Neil L. Heimanson, *pro se.*