## 36695. STRICKLAND v. DOUGLAS COUNTY et al.

BOWLES, Justice.

On August 23, 1979 the Tax Commissioner of Douglas County transmitted that county's 1979 Ad Valorem Tax Digest (prepared by its Board of Tax Assessors) to the State Revenue Commissioner for the latter's examination and approval pursuant to Code Ann. § 92-6917. (Now codified as Code Ann. § 91A-1444).

On September 13, 1979 the Revenue Commissioner informed the Tax Commissioner of Douglas County that after examining the digest pursuant to Code Ann. § 92-7001, he had determined that the digest as submitted did not meet the requirements of Georgia law that property be returned at fair market value and assessed at 40 per cent of fair market value. Thus the Revenue Commissioner could not approve the digest. The digest was returned to Douglas County so that the Board of Tax Assessors could make adjustments in the valuations contained in the digest so as to achieve assessments at 40 per cent of fair market value.

On September 18, 1979 the Douglas County Board of Tax Assessors resubmitted the digest unchanged and by letter of even date requested that the 1979 tax digest be approved as initially submitted. The board stated in its opinion that the digest as first submitted contained assessments at 40 per cent of fair market value.

By letter of September 18, 1979 the State Revenue Commissioner reiterated his conclusion that the 1979 Ad Valorem Tax Digest of Douglas County "does not accurately reflect an assessment ratio of 40 per cent of fair market value." The Revenue Commissioner then ordered that the assessment contained in the 1979 digest (except for bank shares, mobile homes and motor vehicles) be increased by 11 per cent so as to achieve a digest of 40 per cent of fair market value as a whole. The required increase is known as the Commissioner's "factor order" and is a blanket order applicable to all assessments of that county.

The county filed a timely appeal from the Commissioner's

"factor order" pursuant to Code Ann. § 92-8446. (Now codified as Code Ann. § 91A-255). The Revenue Commissioner certified and transmitted the appeal and the necessary records in support of the same to the Superior Court of Douglas County on November 1, 1979.

On April 7, 1980 the Revenue Commissioner filed a motion for summary judgment along with supporting depositions, affidavits and exhibits. No counter-affidavits, exhibits or briefs were filed on behalf of the county in opposition thereto. No further testimony or other evidence was adduced thereafter. On June 6, 1980 the Superior Court entered a written order denying the Commissioner's motion for summary judgment. Leave to appeal that order was granted by this court and appellant assigns as the sole enumeration of error the trial court's order.

We reverse.

1. Under the provisions of our law, Code Ann. § 92-7001, the State Revenue Commissioner was required:

"(a) . . . to carefully examine the tax digests of the several counties . . . and to compare said digests for the purpose of ascertaining whether the valuation of the various classes of property as made in the respective counties for taxation purposes is reasonably uniform as between the various counties . . ."

"(b) . . . to bring about as far as practicable an equalization throughout the state . . ."

"(c) . . . to adjust and equalize [county ad valorem tax valuations] either by adding a fixed per centum to the county valuation . . . if he finds the county valuation too low, or by deducting a fixed per centum from the county valuation if he finds the county valuation too high, as may appear [to the Commissioner] to be just and right between the counties. . ."

These code sections require the Commissioner and make it his duty to insure reasonable uniformity of tax digests as between the various counties of this state. Authority is granted to that office requiring adjustments to be made in county tax digests when necessary to equalize the same. To perform such a function the State Revenue Commissioner of necessity is vested with considerable discretion. The values assembled in various county digests all stem from estimates of value which in turn are matters of opinion. In the human make-up seldom are two opinions of value the same, and when the various county digests are formulated in 159 separate taxing districts it is easy to appreciate that there can be wide variances. Thus to correlate and promote reasonable uniformity, the Revenue Commissioner must exercise both judgment and discretion. The legislature has placed this responsibility on his shoulders.

In obtaining reasonable uniformity of tax digests as between all

the counties the Commissioner is required to make adjustments in county tax digests, submitted to him under the statute, as may appear to him to be just and right. The very nature of the work, and the duty imposed, mandates that the Commissioner be vested with considerable discretion to accomplish that end.

A county may seek review of the Commissioner's exercise of the discretion given him. *Chilivis v. Kell,* 236 Ga. 226, 230 (223 SE2d 117) (1976). It is obvious from the language of the statute that his order that assessments contained in a given county tax digest be increased or decreased by certain percentages must be upheld unless his actions are deemed to be unreasonable, beyond his authority or constitute an abuse of discretion. General principles of administrative law apply. Levying and collecting of taxes in the state is a legislative function. It would appear in this instance the legislature has delegated the authority of determining reasonable uniformity to a specifically designated administrative office.

In *Bentley v. Chastain,* 242 Ga. 348 at p. 350 (249 SE2d 38) (1978), we said: "In embarking on an analysis of the judicial review of administrative decisions, we not only consider the nonjudicial role of these agencies, but also must recognize the important function that administrative agencies perform at all levels of government. Whether operating in the federal, state, or local sphere, agencies provide a high level of expertise and an opportunity for specialization unavailable in the judicial or legislative branches. They are able to use these skills, along with the policy mandate and discretion entrusted to them by the legislature, to make rules and enforce them in fashioning solutions to very complex problems. Thus, their decisions are not to be taken lightly or minimized by the judiciary. Review overbroad in scope would have the effect of substituting the judgment of a judge or jury for that of the agency, thereby nullifying the benefits of legislative delegation to a specialized body. Since the agency is exercising neither judicial nor legislative, but administrative, powers, the separation of powers doctrine along with this policy of respect must play a role in determining the nature of the review of agency decisions by the courts . . . Therefore, the only review authorized is that inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously with regard to an individual's constitutional rights."

Under our law the State Revenue Commissioner may use such reasonable means as he deems proper and reasonable to make his determination of "reasonable uniformity." What may be entirely reasonable and proper to the Commissioner may not be deemed reasonable by any one county. Nevertheless, differences in opinion in

this regard are not sufficient to bring the Commissioner's determination in a given case within the range of judicial review, unless a manifest abuse of discretion, or arbitrary or capricious conduct on the Commissioner's part is shown. See, People ex rel. Wenzel v. Chicago & North Western R. Co., 28 Ill. 2d 205 (190 NE2d 780, 786) (1963).

The question for decision in the trial court in this case was whether the Commissioner's order that the values contained in the Douglas County Digest for the year 1979 be increased by 11 per cent represents a reasonable exercise of discretion, or whether or not his order in that respect can be characterized as beyond his authority, arbitrary, capricious or an abuse of discretion. This is not a jury question but a question of law for the court.

2. Upon the appeal being docketed in the Superior Court the Revenue Commissioner filed a motion for summary judgment and in support of that motion filed affidavits and exhibits illustrating the procedure which he followed in arriving at his 11 per cent factor increase of the county digest for the year in question. The evidence presented, without detailing all of it here, illustrates the method and procedure used by the Commissioner including use of sales ratio studies which are now generally accepted as probative evidence in determining assessment levels. See *Undercofler v. Seaboard A. L. R. Co.,* 222 Ga. 822 (152 SE2d 878) (1966). See also, Southern Bell Tel. & Tel. Co. v. County of Dade, 275 S2d 4 (Fla.) (1973), and Wenzel v. Chicago & North Western R. Co., supra. (Compare Railroad Revitalization and Regulatory Reform Act of 1976 (49 USCA, § 11503) wherein the Congress mandated the use of ratio studies in determining levels of assessments of rail transportation properties.)

Following the introduction of the Commissioner's order, the supporting documents and supporting affidavits, the county introduced no evidence whatsoever to controvert the same. Although some of the submitted affidavits and exhibits might contain evidence that would in some circumstances amount to hearsay, they are nevertheless original evidence for the purpose of explaining the conduct of the Commissioner in reaching his factor order. Code Ann. § 38-302.

3. The Commissioner having introduced sufficient evidence to make out a prima facie case supporting the reasonableness of his conduct, and the county having offered no evidence to counter the same it was the duty of the trial court to grant appellant's motion for summary judgment. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977); *Richards v. Tolbert,* 232 Ga. 678 (208 SE2d 486) (1974); *Leachman v. Cobb Development Co.,* 229 Ga. 207 (190 SE2d 537) (1972). It was error not to do so.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1980 — DECIDED
NOVEMBER 5, 1980.

*Arthur K. Bolton, Attorney General, John E. Bumgartner, Assistant Attorney General,* for appellant.
*William C. Tinsley, II,* for appellees.