40922, 40924. DeKALB COUNTY v. METRO AMBULANCE SERVICES, INC. et al. (two cases).
40923. BOARD OF HUMAN RESOURCES et al. v. METRO AMBULANCE SERVICES, INC.
(322 SE2d 881)

BELL, Justice.

This case concerns judicial review of an administrative decision by defendant-appellant Department of Human Resources (hereinafter, "DHR"), pursuant to OCGA Title 31, Ch. 11. Ch. 11 of Title 31 mandates DHR to establish Emergency Medical Systems Communications (hereinafter, "EMSC") Programs to serve "as . . . central communications system[s] to coordinate the personnel, facilities, and equipment of emergency medical services system . . .," OCGA § 31-11-2 (9). An "emergency medical services system" is "a system which provides for the arrangement of personnel, facilities, and equipment for the effective and coordinated delivery in an appropriate geographical area of health care services under emergency conditions . . . and which is administered by a public or nonprofit private entity which has the authority and the resources to provide effective administration of the system." OCGA § 31-11-2 (8). In the metropolitan Atlanta area, the "local coordinating entity," OCGA § 31-11-2 (16), which DHR has designated to administer and coordinate the Atlanta-area EMSC Program is known as the Region III Emergency Medical Services Advisory Council (hereinafter, "the Council"). One of the Council's responsibilities is to recommend to the Board of Human Resources (hereinafter, "the Board") or its Designee the manner in which its local EMSC Program is to be conducted. OCGA § 31-11-3 (a).

In 1980-81 the Council recommended to the Board that DeKalb County be divided into four ambulance zones for distributing 911 requests for ambulance service. See OCGA § 31-11-2 (9). Under the proposed program, 911 calls originating from all but three of DeKalb's fire districts would be exclusively assigned to the DeKalb County-owned emergency medical service (hereinafter, "the DeKalb EMS"),

unless the caller were to specifically request a different ambulance service. Of the three remaining districts, calls originating within two would be exclusively routed to a licensed private ambulance service, plaintiff-appellee Metro Ambulance Services (hereinafter, "Metro"), again, absent a request by the caller for a different ambulance service to be sent, and the remaining district would be assigned to Grady Hospital.

The Council's proposed program was reviewed by the Board's Designee, see OCGA § 31-11-3 (c-e), who modified the Council's recommendation by excluding Metro from automatic routing of 911 calls from any of DeKalb's fire districts. Metro filed an appeal in Fulton Superior Court pursuant to OCGA §§ 31-11-3 (e) and 31-5-3, naming the Board and DeKalb as defendants, and seeking to overturn the Designee's deletion of the portion of the Council's recommendation which favored Metro. Metro and DeKalb filed cross-motions for summary judgment, and the court granted Metro's motion and denied DeKalb's, finding that the Designee had abused his discretion, and that his modification of the Council's recommendation was arbitrary, capricious, and in excess of his statutory authority. The court set aside the Designee's decision, and remanded the case with direction to the Board to adopt an EMSC Program consistent with OCGA Title 31, Ch. 11. DeKalb's application for review was granted, No. 40924, as was the Board's separate application, No. 40923. DeKalb also filed a separate direct appeal, No. 40922. We dismiss the direct appeal, see OCGA § 5-6-35 (a) (1), and reverse the grants of summary judgment in the two remaining appeals.

### No. 40923

1. " '(I)t is well settled that, on appeal, the burden is on the appellant to establish error.' *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981). Moreover, error which is harmless will not be cause for reversal." *Miller Grading &c. v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981). However, on appeal from the grant of summary judgment the appellant's burden is somewhat lightened, since "a trial court's grant of summary judgment will not be sustained if there is *any* genuine issue of material fact, however imbalanced it may appear." *Beaulieu of America v. L. T. Dennard & Co.*, 253 Ga. 21, 22 (2) (315 SE2d 889) (1984). In the instant case, the enumerations raised by the Board involve three primarily legal questions of the correct interpretation of portions of OCGA Title 31, Ch. 11, and a fourth, mixed legal and factual question of whether the Designee correctly applied the statute to the facts of this case. We shall consider the legal questions first.

a. The proper appellate standard of review of agency decisions is

"inherent in the power of the judiciary: Whether the agency acted beyond the discretionary powers conferred upon it, abused its discretion, or acted arbitrarily or capriciously with regard to an individual's constitutional rights." *Strickland v. Douglas County*, 246 Ga. 640, 642 (1) (272 SE2d 340) (1980).[1] In OCGA § 31-11-3, the General Assembly outlines the parameters defining the Designee's exercise of discretion. Subsection (a) begins the description of the standard for the local coordinating entity to use in making its recommendations. The subsection provides that the entity "shall give priority to making the EMSC Program function as efficiently and economically as possible. Each licensed ambulance provider in the health district shall have the opportunity to participate in the EMSC." In the same vein, Subsection (c) of OCGA § 31-11-3 provides that the local coordinating entity's recommendation to the Designee shall also include a "method for distributing emergency calls among the providers, based primarily on the considerations of economy, efficiency, and benefit to the public welfare."

The first major issue is whether Metro has a statutory right under OCGA § 31-11-3 (a) to participate in the EMSC program, in the sense of benefiting from exclusive automatic routing of all calls in at least some fire districts. The Board argues that the term "shall have an opportunity to participate" should be construed in pari materia with the mandatory statutory criteria of efficiency, economy, and public welfare, and that the extent of Metro's participation in the automatic funneling of 911 calls is contingent upon the Designee's discretionary determination of how best to fulfill the statutory criteria. We agree.

b. The second major legal issue concerns the Designee's finding that the Council's original EMSC Program was inconsistent with the statutory criteria. In OCGA § 31-11-3 (e), the General Assembly states that the "recommendations of the local coordinating entity shall not be modified unless the board or its designee shall find, after a hearing, that the determination of the district health director is not consistent with operation of the EMSC Program in an efficient, economical manner that benefits the public welfare." Apparently relying

---

[1] OCGA § 31-11-3 (e) provides that appeals from the Designee's decision shall be taken pursuant to OCGA § 31-5-3. OCGA § 31-5-3 (a) (3) provides that the judge "shall hear the proceeding de novo and thereupon determine all matters of law and fact . . . and render his decision approving, setting aside, or modifying the order or action appealed from."

The constitutionality of the standard of review prescribed by OCGA § 31-5-3 (a) (3) is open to serious question, see *Geron v. Calibre Cos.*, 250 Ga. 213 (3) (296 SE2d 602) (1982); *Bentley v. Chastain*, 242 Ga. 348 (1) (249 SE2d 38) (1978). However, we do not reach this issue in the instant case, since the superior court's ruling apparently was based exclusively on the criteria approved in *Strickland v. Douglas County*, 246 Ga., supra. See generally OCGA § 50-13-19 (h) (2, 6).

on this language, the superior court found that the Designee had erred because, based on the Designee's own findings, the Council's EMSC proposal met the statutory criteria of economy, efficiency, and public welfare. We disagree.

Although the language of OCGA § 31-11-3 (e) is phrased as a mandatory directive to the Designee, it does not purport to confine the Designee to the same limited standard of review to which the judiciary is confined respecting administrative decisions, nor does it overcome the constitutional proscription against plenary judicial review of such decisions. See *Strickland v. Douglas County*, supra, 246 Ga.

c. The third major legal point of dispute is whether the Designee erred by basing his order of modification on a factor other than the statutory criteria. In his order, the Designee expressed a concern that taxpayers in a fire district assigned to Metro would bear the unfair double burden of funding the DeKalb EMS through taxes, and also paying Metro's fees whenever they used its services. Pretermitting consideration of the merits of this finding, we find the Designee had the discretion to make the determination in question. Even though "fairness" is not an enumerated criterion of Title 31, Ch. 11, the specific factual inquiry made by the Designee clearly fell within his discretion to take into consideration the factors of economy and efficiency so as to benefit the DeKalb citizenry.

2. In light of our conclusion that summary judgment for Metro could not be predicated upon any of the three legal grounds disputed by the parties, we must consider whether there is any genuine issue of fact as to whether the Designee's order was arbitrary, capricious, an abuse of discretion, or an abuse of discretionary powers. The Designee considered numerous factors, including, e.g., comparisons of projected costs of the DeKalb EMS and Metro; hotly disputed allegations by the parties as to the accuracy of each service's projected cost; and the benefit to public welfare of the no-fee, tax-subsidized service DeKalb EMS provides poor citizens. In view of the complex, and often vigorously contested, facts which the Designee had to weigh, we cannot say that no genuine issue of material fact remains as to whether he was in error. Accordingly, we reverse the grant of summary judgment in No. 40923, and remand.

### No. 40924

Appellant DeKalb's constitutional challenges to the Council's original EMSC Program are moot. For the reasons stated in No. 40923, we reverse the summary judgment against DeKalb in 40924, and remand.

*Judgments reversed in 40924 and 40923. Appeal 40922 dis-*

*missed. All the Justices concur, except Weltner, J., concurring in the judgment only, and Smith, J., not participating.*

DECIDED NOVEMBER 27, 1984.

*George P. Dillard, Gail C. Flake,* for appellant (case nos. 40922, 40924).

*Michael J. Bowers, Attorney General, Mary Foil Russell,* for appellants (case no. 40923).

*William E. Hoffman, Jr., Dirk G. Christensen,* for appellees.