## 42870. DOGWOOD SQUARE NURSING CENTER, INC. v. STATE HEALTH PLANNING AGENCY.

(341 SE2d 432)

WELTNER, Justice.

The State Health Planning Agency denied a certificate of need to Dogwood Square Nursing Home for construction of a nursing home in Alpharetta, Georgia. The nursing home appealed the agency's decision to the State Health Planning Review Board, which reversed the agency and directed issuance of the certificate. The agency appealed to the superior court, which reversed the review board and reinstated the decision of the agency denying the certificate. The nursing home sought and obtained leave to appeal. OCGA § 5-6-35 (a) (1).

1. A determination of the statutory relationship between the agency and the review board will resolve several issues presented in this appeal. Former OCGA § 31-6-47 (b), which provided, in part, that "The decision of the five-member panel of the State Health Planning Review Board shall be the final agency decision for purposes

of Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act,'" was repealed by Ga. L. 1983, pp. 1566, 1585. OCGA § 31-6-44 (g) currently provides that "The decision of the panel shall be the final administrative decision for purposes of judicial appeal of any certificate of need decision under Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act.'" The agency and the review board now are separate state agencies. OCGA § 31-6-44 (a). Currently, OCGA § 31-6-44 (i) states, in part, that "Any party to the appeal hearing, including the planning agency, may seek judicial review of the panel's decision in accordance with the method set forth in Chapter 13 of Title 50, the 'Georgia Administrative Procedure Act . . . .'" Accordingly: (1) The planning agency has express statutory authority to appeal to the superior court from the decision of the review board. OCGA § 31-6-44 (i). (2) The review board "is an appellate body whose function is *solely* adjudicatory . . . [and as] a quasi-judicial entity . . . [is] 'an inappropriate party to an appeal of its ruling in the superior court.'" *Loyd v. Ga. State Health Planning &c. Agency*, 168 Ga. App. 850, 852 (310 SE2d 738) (1983).

Because the review board was not a necessary party to the proceedings below, the superior court was *not* called upon to resolve a controversy between two agencies of the Executive Department of the state, in contravention of the separation of powers provision of the Constitution of Georgia of 1983, Art. I, Sec. II, Par. III. Obviously, then, the Attorney General was not placed in a conflict-of-interest position by being called upon to represent in court two agencies of the state in a controversy with each other. See *Diversified Health Management Services v. Visiting Nurses Assn.*, 254 Ga. 500, 502 (3) (330 SE2d 885) (1985).[1]

2. The planning agency denied Dogwood's application for establishment of a new nursing home in Alpharetta by application of the "County Deficit Rule," which provides, in part, that such a new facility "will not be approved unless the *county* in which the facility is to be located has a projected deficit of at least 50 beds; this will be true even though there may be a projected deficit of beds in the *service area*." (Emphasis supplied.) Rule 272-2-.09 (9) (a). The term "service area" is defined as "the land area enclosed by a circle whose radius extends 40 miles from the site of a proposed or existing facility." Rule 272-2-.09 (9) (a). The Review Board adopted the position advocated by Dogwood that because Fulton County extends approximately 55 miles from the proposed site, nursing home populations in the extreme south end of the county which are outside the 40-mile service

---

[1] As pointed out on motion for reconsideration, the applicable statute has been amended by Senate Bill No. 56 (Act No. 1460), 1986 Session of the General Assembly, approved by the Governor on April 2, 1986.

area should not be counted in determining whether or not the deficit exists or, stated differently, the fact that there were empty beds in the south of the county should be excluded from consideration in determining whether or not to allow new beds in the north of the county. The effect of the review board's decision was to treat north Fulton County and south Fulton County as separate counties (which once they were). Ga. L. 1929, p. 551; Ga. L. 1931, p. 527. The superior court held that the review board lacked statutory authority either to deem the County Deficit Rule inapplicable or to subdivide Fulton County under the "peculiar facts of this case," which result from the unusual length and shape of Fulton County and the location of the empty beds within the county. OCGA § 31-6-44 (i).

Insofar as is material to the present controversy, "The issue for decision by the panel [of the review board] shall be whether, and the panel shall order the issuance of a certificate of need if, in the panel's judgment the application is consistent with the considerations as set forth in Code Section 31-6-42 and the planning agency's rules, *as the panel deems such considerations and rules applicable to review of the project.*" (Emphasis supplied.) OCGA § 31-6-44 (d).

Dogwood contends that if the panel may deem agency rules *applicable*, to a review of a project it may deem them inapplicable, as well. The planning agency responds that the review board may not decline to apply an applicable written rule.

We resolve the controversy by returning to the same considerations which governed our disposition of the issues in Division 1. The decision of the review board no longer is the "final agency decision," but proceedings before the review board are "the administrative remedy," OCGA § 31-6-44 (b), and the panel's decision is "the final administrative decision for purposes of judicial appeal. . . . [under] the 'Georgia Administrative Procedure Act.'" OCGA § 31-6-44 (g). Thus, the decision of the planning agency itself now is the final agency decision to which deference must be made during judicial review. *DeKalb County v. Metro Ambulance Services, Inc.*, 253 Ga. 561, 562 (1) (a) (322 SE2d 881) (1984); *Strickland v. Douglas County*, 246 Ga. 640, 642 (272 SE2d 340) (1980); *Bentley v. Chastain*, 242 Ga. 348, 349 (1) (249 SE2d 38) (1978).

The review board acted beyond its powers of administrative review of contested cases under OCGA § 31-6-44 (d) by deeming the "County Deficit Rule" of the planning agency inapplicable in a controversy to which it applied by its express terms, or by applying the rule to part of the county instead of to the entire county. OCGA § 31-6-44 (i). The superior court properly reversed the decision of the review board and reinstated the decision of the planning agency.

The problem in this case is that the County Deficit Rule was not fashioned with these facts in mind. The entire county is obviously an

inappropriate geographical area for consideration here. Nonetheless, the rule is the rule. Hopefully it will be modified in light of this case.

3. The remaining enumerations of error present no ground for reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 1986 —
RECONSIDERATION DENIED APRIL 24, 1986.

*Glen A. Reed, Richard L. Shackelford, Mark A. Hall,* for appellant.

*Michael J. Bowers, Attorney General, Jeffrey C. Baxter, Assistant Attorney General,* for appellee.

*Arnall, Golden & Gregory, Theodore H. Lackland, Halsey G. Knapp, Jr.,* amicus curiae.