A92A0320. STATE HEALTH PLANNING AGENCY v. CRIBB INDUSTRIES, INC.
(419 SE2d 123)

CARLEY, Presiding Judge.

Seeking to build a veterans' nursing home in Pierce County, appellee-applicant originally applied in 1986 for a certificate of need. Appellant-State Health Planning Agency (Agency) denied the application and, on appeal to the State Health Planning Review Board (Review Board), the application was likewise denied. Appellee did not appeal the denial to the superior court, but, in 1987, it merely reapplied to the Agency. The agency denied appellee's reapplication and the Review Board did likewise. From the denial of its reapplication, appellee did appeal to the superior court. The superior court reversed and ordered issuance of the certificate of need. The Agency applied to this court for a discretionary appeal and the instant appeal results from the grant of the Agency's application.

1. OCGA § 31-6-43 (c) provides, in relevant part, that "there shall be a time limit of 90 days for review of a project, beginning on the day the . . . [A]gency declares the application complete for review. The . . . [A]gency may adopt rules for determining when it is not practicable to complete a review in 90 days and may extend the review period upon written notice to the applicant but only for an extended period of not longer than an additional 30 days." Although the Review Board found that appellee's reapplication had been timely reviewed by the Agency, the superior court found to the contrary. The superior court was authorized to do so only if the Review Board's finding was "[n]ot supported by substantial evidence. . . ." OCGA § 31-6-44 (i) (5).

It is undisputed that appellee's reapplication was received by the Agency on July 21, 1987 and that, in compliance with OCGA § 31-6-43 (a), the Agency made the determination that the reapplication was complete on July 31, 1987. Accordingly, the 90-day time limit of OCGA § 31-6-43 (c) began to run on July 31, 1987 and the Review Board properly so found.

The Review Board further found that, in compliance with OCGA

§ 31-6-43 (f), the Agency had offered, within 60 days of July 31, 1987, to provide appellee with an opportunity to meet and discuss its application and to submit additional evidence, but that appellee had requested a delay. This finding by the Review Board is also supported by the evidence of record.

The evidence also authorized a finding by the Review Board that appellee had requested that this meeting with the Agency be delayed until the 88th day after July 31, 1987 and was told that such a delay would necessitate an extension of time to review the reapplication. Since appellee would otherwise have been required under OCGA § 31-6-43 to submit additional evidence to the Agency by the 75th day, appellee's request for a delay would certainly authorize the Agency to extend the 90-day time period. The Agency rule, adopted pursuant to OCGA § 31-6-43 (a), provides as follows: "Where the Agency determines that conditions exist which make it impractical to complete a review in 90 days, the Agency may, on notification to the applicant, extend the time limit another 30 days. Conditions such as the following may constitute cause for extending the time: 1. The applicant requests time . . . to submit additional relevant information. . . ." Rule 272-2-.04 (1) (d). Obviously, an applicant's request for the Agency to consider additional evidence to be submitted on the 88th day rather than by the 75th day would authorize an extension by the Agency of the 90-day time limit.

On the 81st day, appellee cancelled its request for the delayed meeting with the Agency. On the 89th day, however, the Agency gave appellee written notice that the 90-day time period was nevertheless being extended. The superior court found that the agency erred in extending the 90-day time limit after appellee had cancelled the meeting. However, the mere fact that, within the 90-day time period, appellee had cancelled the meeting would not necessarily serve to *retrigger* the original 90-day time period for the Agency's review. The Agency had been authorized to extend the time period because appellee's *original* request for a delay until the 88th day had rendered a complete review within the 90-day time period impracticable. It is true that appellee had not been given written notice of an extension of time before it cancelled the meeting that it had requested be delayed until the 88th day. If, however, the meeting scheduled for the 88th day had been held rather than cancelled, the Agency would presumably have given appellee written notice of the extension of time at that meeting. By cancelling the meeting on the 81st day, appellee could not *unilaterally* establish that it was nevertheless practicable for the Agency to complete its review by the 90th day. Upon determining that it would not be practicable, the Agency was authorized to give appellee the written notice of an extension of time that presumably would otherwise have been given appellee had the meeting for the

88th day not been cancelled. Appellee's original request for a delayed meeting had rendered a complete review by the Agency within two days *impracticable* and an extension of time necessary, but appellee's subsequent withdrawal of its request did not render a complete review within nine days *practicable* so that the extension of time became unauthorized.

The substantial evidence of record shows that, before the 90-day time limit had expired, the Agency gave appellee written notice of an extension of time. That extension was authorized pursuant to appellee's original request for a delayed meeting with the Agency and was not obviated by appellee's subsequent withdrawal of its request. Appellee was notified of the Agency's final determination within the authorized extension of time. It follows that the superior court erred in reversing the Review Board's finding that appellee had been afforded a timely review of its reapplication for a certificate of need.

2. Appellee's original application for a certificate of need in 1986 had been denied on the basis of the "County Deficit Rule." When appellee reapplied and instituted the instant proceedings, it did not submit any evidence to show that conditions had changed such that the "County Deficit Rule" would no longer authorize a denial of the application. Under these circumstances, the Review Board relied upon the principles of res judicata to deny appellee's instant reapplication. Citing OCGA § 9-11-8 (c), the superior court found that the Review Board erred in relying upon res judicata because it had not been raised before the Agency. The superior court's reliance upon OCGA § 9-11-8 (c) is obviously misplaced. Not only was res judicata not being relied upon as a defense by the Review Board, "[t]he CPA does not apply to the Georgia Administrative Procedure Act." *Georgia State Bd. of Dental Examiners v. Daniels,* 137 Ga. App. 706, 709 (3) (224 SE2d 820) (1976).

There appears to be no bar to the Review Board's initial consideration of the applicability of the principles of res judicata to appellee's reapplication. Notwithstanding the scope of the proceedings before the Agency, "[t]he issue for decision by the [Review Board] shall be whether, and the [Review Board] shall order the issuance of a certificate of need if, in the [*Review Board's*] judgment the application is consistent with the considerations as set forth in Code Section 31-6-42 and the . . . [A]gency's rules, as the [*Review Board*] deems such considerations and rules applicable to review of the project." (Emphasis supplied.) OCGA § 31-6-44 (d).

In any event, it is undisputed that, in the context of the instant proceeding, appellee did not introduce evidence which was sufficient to show that its proposed facility would comport with the "County Deficit Rule." Accordingly, regardless of the applicability of res judicata principles, the Review Board's denial of appellee's application

was authorized. Even if the "County Deficit Rule was not fashioned with [the] facts [of the instant proceeding] in mind[,] . . . [n]onetheless, the rule is the rule." *Dogwood Sq. Nursing Ctr. v. State Health Planning Agency,* 255 Ga. 694, 696-697 (2) (341 SE2d 432) (1986).

3. The superior court found that the denial of appellee's application was violative of equal protection. "The basis for this [finding] . . . is that the Review Board granted a certificate of need to another applicant in another place at another time. Though there are similarities between the areas . . . , there are dissimilarities recognized by the Review Board in its [prior] decision[, such as the public nature of the other nursing home and its limited service to Georgia residents only,] which render [appellee's] equal protection argument meritless: [Appellee] is simply not in the same or similar circumstances as the previous applicant." *Charter Medical-Fayette County v. Health Planning Agency,* 181 Ga. App. 184, 185 (3) (351 SE2d 547) (1986).

4. The superior court erred in substituting its judgment for that of the Review Board and in ordering that a certificate of need be issued to appellee.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED MAY 19, 1992.

*Michael J. Bowers, Attorney General, Mark H. Cohen, Senior Assistant Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellant.

*E. Kontz Bennett, Jr.,* for appellee.